FILED
JUL - 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MPD RESERVE OFFICERS
The Proposed
Plaintiff Class,

CHRISTOPHER GRIFFITH
5274 Navaho Drive
Alexandria VA 22312

and

DANIEL K. KIM
7601 Haines Court
Laurel MD 20707

    Plaintiffs and
    Class Representatives

v.

CHARLES RAMSEY
Chief of Police
District of Columbia
Metropolitan Police Department
300 Indiana Avenue NW
Washington DC 20001

    Defendant

CASE NUMBER 1:06CV01223

JUDGE: Henry H. Kennedy

DECK TYPE: TRO/Preliminary Injunction

DATE STAMP: 07/06/2006

JURY ACTION

## COMPLAINT

This is a complaint seeking monetary damages for deprivation of civil rights, in addition to declaratory and injunctive relief from unlawful rulemaking, against Charles Ramsey, Chief of Police of the Metropolitan Police Department, District of Columbia.

## PARTIES

1. The Plaintiffs and members of the proposed Plaintiff Class presently provide volunteer services as uniformed, sworn police officers to the District of Columbia and its Metropolitan Police Department (herein, MPD).

2. The Defendant is a resident of the District of Columbia acting in his official capacity as the MPD Chief of Police.

## JURISDICTION AND VENUE

3. Each of the events complained of herein occurred within the District of Columbia.

4. The Plaintiffs offer herein a civil action which includes causes of action arising under 42 U.S.C. §1983 for being subjected to a deprivation of their rights, privileges, and/or immunities secured by the Constitution and applicable law, by a person acting under color of the authority of the government of the District of Columbia.

5. Under 28 U.S.C. §1331, the United States District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States, including 42 U.S.C. §1983 and 29 U.S.C. §§ 157-158.

6. The Plaintiffs offer additional causes of action involving District of Columbia law claims, including violations of the District of Columbia Administrative Procedure Act. D.C. CODE § 2-501 *et. seq.*

7. Under 28 U.S.C. § 1367, the United States District Court shall have shall have supplemental jurisdiction over all other claims that are so related to claims in the

action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8. The District of Columbia law claims of the Plaintiffs are so related to the Federal law claims that they form part of the same case or controversy.

9. The Plaintiffs ask this Court to declare their rights and other legal relations.

10. Under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et. seq.*, the United States District Court may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

## CLASS ACTION ALLEGATIONS

11. The proposed Plaintiff Class is a class of persons so numerous that the joinder of all members is impracticable. FRCP 23(a). The proposed Plaintiff Class consists of all MPD Reserve Officers. There are approximately two hundred individual persons in the proposed Plaintiff class.

12. The Class Representatives are both themselves MPD Reserve Officers whose interests are sufficiently similar to all other members of the proposed Plaintiff Class that they will fairly and adequately protect the interests of the other members. Id.

13. As detailed below, the Defendant has acted on grounds generally applicable to the proposed Plaintiff Class. FRCP 23(b)(2).

14. The causes of action involve questions of law and fact common to all members of the class. Questions regarding the rights of all members of the class predominate over any questions affecting only individual members and a class action is

superior to other available methods for the fair and efficient adjudication of the controversy. FRCP 23(b)(3).

## RELEVANT FACTS

15. MPD has maintained a uniformed corps of volunteer police officers, the MPD Reserve Corps, since 1951.

16. The Plaintiffs have performed police duties on behalf of MPD, subject to the rules, regulations and applicable law of the District of Columbia, providing such good and valuable services in exchange for express promises of specialized training, job experience and rights of procedural due process in disciplinary matters.

17. In 2004, the District of Columbia City Council enacted legislation as part of the Omnibus Public Safety Act of 2004 authorizing the Mayor to establish an MPD Reserve Corps in the District of Columbia. D.C. Code § 5-129.51.

18. The law stated, *inter alia*, "[t]he selection criteria required for and training provided to members of the Reserve Corps shall be similar to the selection criteria required for and training provided to full--time, sworn police personnel." Id.

19. The City Council instructed the Mayor to

…pursuant to subchapter I of Chapter 5 of Title 2 [the District of Columbia Administrative Procedures Act], issue rules to implement the provisions of this section within 180 days of September 30, 2004. The rules shall:

(1) Prescribe the duties and responsibilities of Reserve Corps members;

(2) Define the scope of Reserve Corps members' authority and discretion in carrying out their duties and responsibilities, including any limitations on or restrictions to their authority and discretion; and

(3) Delineate the supervision Reserve Corps members are to receive.

4

Id.

20. The Mayor of the District of Columbia did not issue any such rules prior to the deadline mandated by the City Council.

21. On March 28, 2006, the Defendant issued MPD General Order 101.3 (2006) (Pl.s' Ex. A, herein, the "new General Order") replacing MPD General Order 101.3 (1995) (Pl.s' Ex. B).

22. The new General Order falsely claimed that a "Sworn Officer" was only such officers that were "appointed to a full-time, paid, continuing position in the civil service rank", improperly excluding the Plaintiffs and all members of the proposed Plaintiff Class. (Pl.s' Ex. A at 2).

23. The new General Order falsely claimed that a "Sworn Member" was an "individual who is a full-time, paid Department employee in a sworn rank of officer or above", improperly excluding the Plaintiffs and all members of the proposed Plaintiff Class. Id.

24. The new General Order asserted that MPD Reserve Officers "shall serve at the pleasure of the Chief of Police, who shall, without limitation, have the authority to determine when to reduce a Reserve Corps member in rank or Level and remove a Reserve Corps member from the Reserve Corps. Such determination shall not be subject to administrative review." Id. at 6. See also Id. at 5.

25. The new General Order made further limitations upon MPD Reserve Officers' authority and discretion in carrying out their duties and responsibilities, including Reserve Officers' abilities to make arrests and issue District of Columbia Notices of Infractions. Id. at 6.

26. The new General Order further stated MPD Reserve Officers "shall not… have the right to organize for collective bargaining purposes" unless "specifically provided by the laws of the District of Columbia." Id. at 4.

27. The new General Order set numerous criteria and pre-conditions for the Plaintiffs and members of the proposed Plaintiff Class to receive "Level I" training, training that includes firearms training received by full-time officers. Id. at 7-8.

28. On June 9, 2006, the Defendant caused to be published within the District of Columbia Register a Notice of Emergency and Proposed Rulemaking. 53 D.C.R. 4581.

29. The Notice stated that the Defendant adopted the rules enumerated within on an emergency basis effective May 19, 2006. Id.

30. The emergency and proposed rules contained the same or similar limitations upon MPD Reserve Officers contained within the new General Order. Id.

31. Prior to the Notice of Emergency and Proposed Rulemaking, no emergency existed necessitating emergency rulemaking "for the immediate preservation of the public peace, health, safety, welfare, or morals" as required by D.C. Code § 2-505.

## COUNT I

### Deprivation of a Liberty Interest

32. The allegations set forth in Paragraphs 1 through 31 above are referenced and incorporated as if fully repeated herein.

33. By denying the Plaintiffs the right to organize for collective bargaining purposes, the Defendant deprives the Plaintiffs of fundamental rights of free speech and

6

free association absent any legitimate government interest in doing so, in violation of the First Amendment of the U.S. Constitution.

## COUNT II

### Deprivation of a Property Interest

34. The allegations set forth in Paragraphs 1 through 33 above are referenced and incorporated as if fully repeated herein.

35. By now denying rights of procedural due process in disciplinary matters previously promised to the Plaintiffs otherwise guaranteed them under District of Columbia law, the Defendant deprives a property right vested upon the Plaintiffs in consideration of their services to MPD. Such property interest has been taken absent any due process or compensation, in violation of the Fourth Amendment of the U.S. Constitution.

## COUNT III

### Violation of the National Labor Relations Act

36. The allegations set forth in Paragraphs 1 through 35 above are referenced and incorporated as if fully repeated herein.

37. By denying the Plaintiffs' right to organize for collective bargaining purposes, the Defendant violates the National Labor Relations Act. 29 U.S.C. §§ 157-158.

## COUNT III

**Violation of the District of Columbia Administrative Procedures Act I**

38. The allegations set forth in Paragraphs 1 through 37 above are referenced and incorporated as if fully repeated herein.

39. On March 28, 2006, the Defendant promulgated the new General Order, rules defining the scope of MPD Reserve Officers' authority and discretion in carrying out their duties and responsibilities, including limitations on and restrictions to their authority and discretion.

40. The Defendant promulgated each of these rules for MPD, an agency of the District of Columbia, without publishing the proposed rules in the District of Columbia Register as notice of the intended action so as to afford interested persons opportunity to submit data and views either orally or in writing, in violation of D.C. Code § 2-505.

41. Denial of administrative due process of officers and members of MPD, including its Reserve Officers, violates D.C. Code § 5-127.01 ("no *person* shall be removed from said police force except upon written charges preferred against him in the name of the Chief of Police of said police force to the trial board or boards hereinafter provided for and after an opportunity shall have been afforded him of being heard in his defense") [emphasis added].

42. The new General Order denies the vast majority of members of the Plaintiff Class training similar to that of full-time officers, in violation of D.C. Code § 5-129.51.

43. The promulgation of rules asserting such limitations on the arrest authority of the Plaintiffs violates D.C. Code § 5-129.51 (rules defining the scope of Reserve Corps

8

members' authority and discretion in carrying out their duties and responsibilities, including any limitations on or restrictions to their authority and discretion shall be issued within 180 days of September 30, 2004).

44. The new General Order conflicts with D.C. Code § 5-127.04 ("the members of the police force, shall possess in every part of the District all the common-law powers of constables").

45. The new General Order further conflicts with D.C. Code § 5-115.03 ("[i]f *any* member of the police force shall neglect making any arrest for an offense against the laws of the United States committed in his presence, he shall be deemed guilty of a misdemeanor" [emphasis added]).

46. The new General Order further conflicts with D.C. Code § 23-582 (*any citizen* may make an arrest for a felony or certain misdemeanors which occur in their presence).

47. The new General Order conflicts with D.C. Code § 5-121.05 (unlawful for *any person* to compromise a felony or any other offense or to permit a suspect to go at large without due effort to secure an investigation of the crime).

**Count IV**

**Violation of the District of Columbia Administrative Procedures Act II**

48. The allegations set forth in Paragraphs 1 through 47 above are referenced and incorporated as if fully repeated herein.

49. On May 19, 2006, the Defendant adopted new rules regulating MPD Reserve Officers without notice or opportunity for public comment.

50. The Defendant alleged that an emergency existed permitting emergency rulemaking under DC Code § 2-505.

51. No emergency previous existed, or now exists, which justifies emergency rulemaking for "for the immediate preservation of the public peace, health, safety, welfare, or morals." DC Code § 2-505(c).

52. Such rulemaking absent an emergency is unlawful.

### Count V

**Violation of the District of Columbia Omnibus Public Safety Act of 2004**

53. The allegations set forth in Paragraphs 1 through 52 above are referenced and incorporated as if fully repeated herein.

54. On June 9, 2006, the Defendant gave notice of his intent to adopt rules to "(1) Prescribe the duties and responsibilities of Reserve Corps members; (2) Define the scope of Reserve Corps members' authority and discretion in carrying out their duties and responsibilities, including any limitations on or restrictions to their authority and discretion; and (3) Delineate the supervision Reserve Corps members are to receive." DC CODE § 5-129.51.

55. Such proposed rulemaking violates the District of Columbia Omnibus Public Safety Act of 2004 as the deadline permitting such rulemaking passed in March of 2005. Id.

**Request for Declaratory and Injunctive Relief**

56.     The allegations set forth in Paragraphs 1 through 55 above are referenced and incorporated as if fully repeated herein

57.     The Plaintiffs are entitled to declaratory relief under 28 U.S.C. § 2201(a), wherein the Plaintiffs ask this Court to declare the promulgation of the new General Order to be illegal rulemaking and void.

58.     The Plaintiffs are entitled to further declaratory relief under 28 U.S.C. § 2201(a), wherein the Plaintiffs ask this Court to declare the May 19, 2006 emergency rulemaking to be illegal and void.

59.     The Plaintiffs ask this Court to enjoin the Defendant from enforcing any part of the new General Order or emergency rulemaking enumerated in 53 D.C.R. 4581 which attempts to "define the scope of Reserve Corps members' authority and discretion in carrying out their duties and responsibilities, including any limitations on or restrictions to their authority and discretion" in violation of the District of Columbia Administrative Procedures Act and D.C. Code § 5-129.51, and any part of the new General Order or emergency rulemaking enumerated in 53 D.C.R. 4581 which improperly deprives the Plaintiffs of rights otherwise afforded under applicable law.

60.     The Plaintiffs further ask this Court to enjoin the Defendant from adopting any part of the proposed rules enumerated in 53 D.C.R. 4581 which attempts to "define the scope of Reserve Corps members' authority and discretion in carrying out their duties and responsibilities, including any limitations on or restrictions to their authority and discretion" in violation of the District of Columbia Administrative Procedures Act and

D.C. Code § 5-129.51, and any part of the proposed rules which improperly deprives the Plaintiffs of rights otherwise afforded under applicable law.

**WHEREFORE**, the Plaintiffs request the Court to find the Defendant's actions to be unlawful and injurious to the Plaintiff and the other members of the Plaintiff Class. The Plaintiffs demand monetary damages in an amount to be determined according to proof at trial, plus costs, interest and attorney's fees.

The Plaintiffs further ask the Court to award such punitive damages as the Court finds necessary to appropriately punish the Defendant and deter similar misconduct in the future.

The Plaintiffs demand a jury trial on all issues so triable.

Respectfully Submitted,

Matthew August LeFande
DC Bar #475995
1001 Sixteenth Street NW
Washington DC 20036-5701
Tel: (202)737-5350
Fax: (202)318-8019
email: matt@lefande.com
Attorney for the Plaintiffs