UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CHRISTOPHER GRIFFITH and DANIEL KIM, | ) ) ) | |
| Plaintiffs, | ) | Civil No. 01 – 01223 – HHK |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES RAMSEY, | ) | |
| Defendant. | ) ) | |

**OPPOSITION OF DEFENDANT
TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Defendant, by and through counsel, opposes the motion of Plaintiffs for a preliminary injunction. The motion should be denied because there is no likelihood of success, there is no irreparable harm demonstrated, and there would be significant harm to the operations of the government.

Defendant notes that, simultaneous with the filing of this Opposition, he is filing a motion to dismiss the Complaint. The memorandum of points and authorities in support of that motion sets forth the background to this matter and the reasons why the Complaint is insufficient as a matter of law. For the sake of brevity of this Opposition, those two sections are simply incorporated into this memorandum by reference, with the exception of one additional argument raised in the section regarding likelihood of success on the merits (lack of service).

**Background**

Defendant adopts and incorporates herein by reference the "Background" section in Defendant's Motion to Dismiss, filed August 4, 2006.

- 2 -

**Discussion**

**I.    THE STANDARDS FOR A PRELIMINARY INJUNCTION.**

A preliminary injunction "is an extraordinary remedy, and the trial court's power to issue it should be exercised only after careful deliberation has persuaded it of the necessity for the relief." Wieck v. Sterenbuch, 350 A.2d 384, 387 (D.C. 1976). The standards for a preliminary injunction are well-known. In order to obtain such relief, these two Plaintiffs must demonstrate *each* prong of the following four-part test: (1) that there is a substantial likelihood of success on the merits; (2) that there is an imminent threat of irreparable harm should the relief be denied; (3) that more harm will result to Appellant from the denial of the injunction than will result to the Appellee from its grant; and (4) that the public interest will not be disserved by the issuance of the requested order. Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc., 182 U.S. App. D.C. 220, 222, 559 F.2d 841, 843 (1977); Virginia Petroleum Jobbers Ass'n v. Federal Power Comm'n, 104 U.S. App. D.C. 106, 110, 259 F.2d 921, 925 (1958). See also District of Columbia v. Group Insurance Administration, 633 A.2d 2, 21–24 (D.C. 1993); Barry v. Washington Post Co., 529 A.2d 319, 320–321 (D.C. 1987); In re Antioch Univ., 418 A.2d 105, 109 (D.C. 1980).

Finally, when injunctive relief is sought in an area that affects government operations, the court must be particularly cautious. The court must give "serious weight to the obviously disruptive effect which the grant of temporary relief . . . is likely to have on the administrative process." Sampson v. Murray, 415 U.S. 61, 83 (1974). See also District of Columbia v. Group Insurance Administration, 633 A.2d at 21.

## II.    PLAINTIFFS ARE NOT LIKELY TO SUCCEED ON THE MERITS OF THEIR CLAIMS.

Defendant adopts and incorporates herein by reference the entire "Discussion" section in Defendant's Motion to Dismiss, filed August 4, 2006, as its argument as to why Plaintiffs have no reasonable likelihood of success on the merits.

In addition, the motion for the preliminary injunction (and indeed the earlier motion for a temporary restraining order) were not properly served on the Defendant and, for this additional reason, the motion should be denied.

Both of those documents were served (according to their certificates of service) on the General Counsel for the Metropolitan Police Department.  The General Counsel had not entered his appearance as counsel for the Defendant in this matter.  There is no indication that the General Counsel was authorized to accept service of documents for the Chief of Police.  In the absence of the entry of appearance for a defendant, plaintiff must serve his documents on the defendant himself.  That did not happen here.

## III.    PLAINTIFFS HAVE SHOWN NO IRREPARABLE HARM.

The second prong of the preliminary injunction test is whether there is irreparable harm to the Plaintiffs.  In this instance, Plaintiffs' papers are replete with speculation as to what might happen, for example, if one of the Plaintiffs were removed from the Reserve Corps and is further replete with speculation about the intentions of the MPD.  Cf, e.g., Leonard v. District of Columbia, 794 A.2d 618, 627-28 (D.C. 2002) and cases cited therein (to establish deprivation of a liberty interest based on termination from a position, a plaintiff must establish that the defendant made defamatory statements in conjunction with the termination in regard to things such as dishonesty, immorality, or an inherent capacity to perform as a law enforcement officer).

Significantly, there is no allegation that either Plaintiff has even been notified of a removal or proposed removal. Plaintiffs' fears and speculation form no basis for real and immediate irreparable harm to that Plaintiff. [1]

LCvR 65.1 governs applications and proceedings for preliminary injunctions in this Court. The rule provides that, among other things, "[t]he application [for a preliminary injunction] shall be supported by all affidavits on which the plaintiff intends to rely." The record before the Court contains no affidavits on which Plaintiffs could rely at a hearing. Thus, there is no evidence of injury, much less evidence of irreparable injury before the Court.

Since the highly speculative fears set forth in the motion are not evidence and since there are no affidavits, Plaintiffs have failed to demonstrate a likelihood of success on the merits.

## IV.    HARM TO DEFENDANT AND THE PUBLIC INTEREST

Plaintiffs' arguments regarding harm to the defendant and the public interest address little more than their preference for operating under the 1995 General Order, challenging the failure to issue rules within 180 days, and making unsupported assertions about the economic benefit of Reserve Officers to the District.

However, any preliminary injunction will have significant adverse effects on the District and the public in general. First and most important, Plaintiffs' position would simply thwart the legislative purpose behind the 2004 legislation and thwart the legislative scheme enacted by the Council for the operation and management of the Reserve Corps. Second, the statutory and regulatory provisions that volunteers serve under regulation as determined by the government

---

1       As the D.C. Circuit commented in a somewhat similar context, "[t]o secure [irreparable injury] by this means would be a remarkable feat of bootstrapping." Barwood Inc. v. District of Columbia, 202 F.3d 290, 294, 340 U.S. App. D.C. 67 (D.C. Cir. 2000).

would be thwarted because the District would be precluded from changing and modernizing that regulatory regime. Of course, if Plaintiffs' position were correct that failure to meet a rulemaking deadline forever precludes rulemaking, the District will never be able to properly regulate the Reserve Corps or to modify the form of regulation as circumstances change in the future; it would be faced with the Hobson's choice of operating an antiquated Reserve Corps, an improperly regulated Reserve Corps, or, potentially, disbanding the Reserve Corps altogether.

## Conclusion

For all the foregoing reasons, the motion for preliminary injunction should be denied.

Dated: August 4, 2006

                                        Respectfully submitted,

                                        ROBERT J. SPAGNOLETTI
                                        Attorney General for the District of Columbia

                                        GEORGE C. VALENTINE
                                        Deputy Attorney General
                                        Civil Litigation Division


                                        /s/ K MJohnson /RU / us
                                        KIMBERLY MATTHEWS JOHNSON
                                        Chief, Section 1
                                        DC Bar No. 435163


                                        /s/
                                        JACK M. SIMMONS, III
                                        Assistant Attorney General
                                        DC Bar No. 925420
                                        441 Fourth St., NW
                                        Sixth Floor South
                                        Washington, DC 20001-2714

(202) 724-6653
(202) 727-0431   (fax)
jack.simmons@dc.gov
Attorney for Defendant