DISTRICT OF COLUMBIA COURT OF APPEALS

No. 04-CV-441

JAMES W. JOHNSON, APPELLANT,

v.   CA-4032-03

ANTHONY A. WILLIAMS, *et al.*, APPELLEES.



Appeal from the Superior Court of the
District of Columbia
Civil Division

(Hon. Frederick H. Weisberg, Trial Judge)

(Submitted November 29, 2005)        Decided  November 30, 2005)

Before SCHWELB,* FARRELL, and FISHER, *Associate Judges.*

### MEMORANDUM OPINION AND JUDGMENT

PER CURIAM: Appellant, formerly a member of the Metropolitan Police Department's Reserve Corps established under the Volunteer Services Act of 1977, D.C. Code § 1-304 *et seq.* (1981), was dismissed from that program in May 2002 after a determination that he had engaged in misconduct. He filed suit in Superior Court, alleging primarily that he had been terminated from the program without receiving due process, in particular without the opportunity that a hearing would have given him to rebut the asserted grounds for discontinuation of his services. The trial court granted summary judgment for the District, rejecting the due process claim because appellant had neither a liberty nor a property interest in continued volunteer employment by the MPD.

We affirm essentially for the reasons stated by Judge Weisberg in his written opinion, reproduced at pages 353-363 of the District's Appendix (App.). In his *pro se* brief, appellant relies, as he did in the trial court, on rights to notice and a hearing which he asserts are granted him by an MPD General Order governing the Reserve Corps. While the General Order does, itself, provide for a hearing to contest an adverse action (stating, more precisely, that when "termination is proposed . . . an adverse action hearing *may* be held"), *see* App. 137 (emphasis added), the General Order must yield to the terms of the statute or regulations governing volunteer services, and the regulations expressly deny "any right or process of appeal" to a volunteer whose services have been discontinued. 6 DCMR § 4000.13; *id.* § 4000.12 (utilization of a volunteer's services may be discontinued "at any

---

\* *Associate Judge* SCHWELB concurs in the judgment.



2

time for any reason").[1] *See In re Walker*, 856 A.2d 579, 586 (D.C. 2004) ("[W]e have held, in a variety of factual settings, that internal policy manuals and similar documents generally do not give rise to judicially enforceable rights, for they are not statutes or regulations and have no legal force or effect."); *Clark v. District of Columbia*, 708 A.2d 632, 636 (D.C. 1997) ("[A]gency protocols and procedures, like agency manuals, do not have the force or effect of a statute or administrative regulations.") (citation omitted); *Moorehead v. District of Columbia*, 747 A.2d 138, 145 (D.C. 2000) (same principle applied to MPD's Special Officers' Manual). Accordingly, appellant had no protected property interest in retaining his volunteer position.[2]

*Affirmed.*

ENTERED BY DIRECTION OF THE COURT:

GARLAND PINKSTON, JR.
Clerk

Copies to:

Hon. Frederick H. Weisberg

Clerk, Superior Court

James W. Johnson, pro se
4644 "A" St., SE (19)

Edward E. Schwab, Esq.
AJDCO

A true Copy
Test:

Garland Pinkston, Jr.
Clerk of the District of Columbia Court of Appeals

BY _____
DEPUTY CLERK

---

[1] The originally published regulations (see App. 369-379), identical in content to the present ones, were in effect both when appellant was hired as a volunteer and when his services were discontinued.

[2] To the extent that appellant renews on appeal his claim of a civil conspiracy, we reject it for the reasons stated by Judge Weisberg, *see* App. 361-363, and by the District of Columbia in its brief at page 9.

2

time for any reason").[1] *See In re Walker*, 856 A.2d 579, 586 (D.C. 2004) ("[W]e have held, in a variety of factual settings, that internal policy manuals and similar documents generally do not give rise to judicially enforceable rights, for they are not statutes or regulations and have no legal force or effect."); *Clark v. District of Columbia*, 708 A.2d 632, 636 (D.C. 1997) ("[A]gency protocols and procedures, like agency manuals, do not have the force or effect of a statute or administrative regulations.") (citation omitted); *Moorehead v. District of Columbia*, 747 A.2d 138, 145 (D.C. 2000) (same principle applied to MPD's Special Officers' Manual). Accordingly, appellant had no protected property interest in retaining his volunteer position.[2]

*Affirmed.*

ENTERED BY DIRECTION OF THE COURT:

GARLAND PINKSTON, JR.
Clerk

Copies to:

Hon. Frederick H. Weisberg

Clerk, Superior Court

James W. Johnson, pro se
4644 "A" St., SE (19)

Edward E. Schwab, Esq.
AJDCO

*A true Copy*
Test:

Garland Pinkston, Jr.
Clerk of the District of Columbia Court of Appeals

BY _____
DEPUTY CLERK

---

[1] The originally published regulations (see App. 369-379), identical in content to the present ones, were in effect both when appellant was hired as a volunteer and when his services were discontinued.

[2] To the extent that appellant renews on appeal his claim of a civil conspiracy, we reject it for the reasons stated by Judge Weisberg, *see* App. 361-363, and by the District of Columbia in its brief at page 9.