UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MPD RESERVE OFFICERS, et al.**<br><br>                      **Plaintiffs**<br><br>v.<br><br>**CHARLES RAMSEY**<br><br>                      **Defendant** | **Case Number:**<br>**1:06CV01223HHK** |

**ORDER**

This cause came to be heard upon the Defendant's Motion to Dismiss. A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the Plaintiffs will be unable to prove any set of facts that would justify relief. The movant therefore is entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery.

The Defendant in this case has made clear his intent to prohibit the Plaintiffs from organizing for collective bargaining. Such rights of collective bargaining are rooted in inalienable rights of free speech and free association guaranteed by the First Amendment of the U.S. Constitution and the Defendant offers no evidence of a "clear and present danger" necessitating the infringement thereof. <u>Thomas v. Collins</u>, 323 U.S. 516, 518, 529-530, 532 (1945). The Defendant has also expressed his intent to deny procedural due process to the Plaintiffs in the event of their removal from the police force in violation of D.C. Code § 5-127.01, as was apparently done to another Reserve Officer in <u>Johnson v. Williams</u>, 887 A.2d 1027 (D.C. 2005).

The liberty interests of Reserve Officers to organize for such collective bargaining and their vested property interests in procedural due process in disciplinary matters are clearly established. Based upon the Defendant's prior acts and his expressed intent, the Plaintiffs' concern for future injury is neither speculative nor unsupported by the record.

The Defendant's infringement upon the legislative function of the City Council by attempting to circumvent D.C. Code applicable to these officers appears to fall outside of the authority granted by the Council of the District of Columbia in D.C. Code § 5-129.51. This encroachment upon the legislative branch of government by a member of the executive branch appears antagonistic to a concept of separation of powers fundamental to democratic form of goverment. This Court finds itself to have competent jurisdiction to declare the rights and legal authority of these Reserve Officers and to grant injunctive relief or monetary damages as it deems appropriate.

For these reasons, the Defendant's Motion to Dismiss is DENIED.

SO ORDERED,


Date _____            _____
                                             Judge Henry K. Kennedy



Matthew August LeFande
Attorney at Law PLLC
1001 Sixteenth Street NW
Washington DC 20036-5701


Jack M. Simmons, III
Assistant Attorney General
441 Fourth Street, NW
Sixth Floor South
Washington, DC 20001-2714

2