UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHRISTOPHER GRIFFITH, et al.,**<br><br>            **Plaintiffs,**<br><br>            v.<br><br>**CHARLES RAMSEY,**<br><br>            **Defendant.** | Civil Action 06-01223  (HHK) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, all members of the District of Columbia Metropolitan Police Department's ("MPD") Reserve Corps, bring the instant action against Charles Ramsey, Chief of Police of the MPD. Plaintiffs seek—on their own behalf and on behalf of all MPD reserve officers—monetary, injunctive, and declaratory relief for what they allege was the defendant's unlawful rulemaking. Specifically, plaintiffs object to MPD General Order 101.3, issued on March 28, 2006, which plaintiffs contend improperly limited reserve officers' authority and discretion, as well as improperly permitted the Chief of Police to remove reserve officers from the Corp at his discretion. Before the court is plaintiffs' motion for a preliminary injunction (Dkt. #3). Upon consideration of the motion, the opposition thereto, the argument of counsel at a hearing, and the record of this case, the court concludes that the motion should be denied.

When ruling on a request for a preliminary injunction a court must consider whether: (i) plaintiff has a likelihood of success on the merits of its case; (ii) irreparable harm will occur if the injunction is not granted; (iii) injunctive relief would impair the rights of other parties; and

(iv) injunctive relief would be in the public interest. *See e.g., CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 746 (D.C. Cir. 1995); *see also Sea Containers Ltd. v. Stena AB*, 890 F.2d 1205, 1208 (D.C. Cir. 1989). "These factors interrelate on a sliding scale and must be balanced against each other." *Serono Labs., Inc. v. Shalala*, 158 F.3d 1313, 1318 (D.C. Cir. 1998). Nonetheless, because in the federal system the basis of injunctive relief has always been irreparable harm, "some showing of irreparable injury is always required." *Bristol-Myers Squibb Co. v. Shalala*, 923 F. Supp. 212, 215 (D.D.C. 1996) (quoting *CityFed Fin. Corp.*, 58 F.3d at 747); *see also Sea Containers Ltd.*, 890 F.2d at 1210–11.

     As has been noted, while the factors which must be considered in deciding a motion for injunctive relief "interrelate on a sliding scale and must be balanced against each other," the party seeking injunctive relief is always required to make some showing of irreparable injury. It is with respect to this element where plaintiffs have most clearly failed to carry their burden of persuasion. In this Circuit the party requesting an injunction must demonstrate that the alleged harm is "both certain and great; it must be actual and not theoretical." *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985). Injunctive relief is not warranted to remedy events that are "merely feared as liable to occur at some indefinite time." *Id.* (quoting *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931)). The burden is on the party seeking relief to show that "[t]he injury complained of [is] of such imminence that there is a 'clear and present' need for equitable relief." *Id.* (quoting *Ashland Oil, Inc. v. FTC*, 409 F. Supp. 297, 307 (D.D.C.)).

     Here, the principal argument that plaintiffs advance to satisfy this burden is that plaintiffs will be irreparable harmed by the stigma associated with their unlawful removal from the MPD Reserve Corps. However, plaintiffs' fear of removal is entirely speculative. Plaintiffs have

offered no evidence that would permit the court to conclude that any removal is imminent. Accordingly, plaintiffs have failed to demonstrate the likelihood of irreparable harm in the absence of injunctive relief.

In addition, the court has significant reservations about the ability of plaintiffs to succeed on the merits. While the court does not resolve the issue at this juncture, the court finds persuasive defendant's argument that plaintiffs fail to state a federal cause of action. The court does not believe that any constitutional violations emanate from plaintiffs' inability to organize for purpose of collective bargaining, and notes that the D.C. Court of Appeals' holding in *Johnson v. Williams*, 997 A.2d 1027 (D.C. Nov. 30, 2005) (unpublished), would appear to preclude any argument that plaintiffs have a constitutionally protected liberty or property interest in retaining their volunteer positions. *Id.* at 2.

Accordingly, it is this 18th day of August, 2006, hereby

**ORDERED** that plaintiffs' motion for a preliminary injunction is **DENIED**.

Henry H. Kennedy, Jr.
United States District Judge