**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **MPD RESERVE OFFICERS, et al.** |
|         **Plaintiffs** |
| **v.** |
| **CHARLES RAMSEY** |
|         **Defendant** |

**Case Number:**
**1:06CV01223HHK**

**Judge Henry H. Kennedy, Jr.**

**PLAINTIFFS' MOTION FOR**
**CLASS CERTIFICATION AND FOR BIFURCATION OF TRIAL**

The Plaintiffs, by counsel and pursuant to Federal Rule of Civil Procedure 23 and

LCvR 23.1 (b), hereby move this Court to certify the above captioned civil action as a

class action. The proposed class consists of all Reserve Officer members of the District

of Columbia Metropolitan Police Department (herein, MPD). The Plaintiffs seek to

maintain this class pursuant to Federal Rule of Civil Procedure 23(b)(1)(B) and 23(b)(2)

on the issues of whether the Defendant violated District of Columbia and Federal law in

promulgating administrative rules regarding the MPD Reserve Corps, whether the

Plaintiffs are entitled to injunctive relief from those rules, and whether such rulemaking

amounts to an unconstitutional deprivation of the liberty and property interests of the

class. In the alternative, the Plaintiffs move this Court for an order pursuant to Rule

23(b)(3) as to whether the Defendant violated the District of Columbia Administrative

Procedure Act, D.C. Code § 2-501, *et. seq.*, and the Reserve Officer provisions of the

2004 Omnibus Public Safety Reform Act, D.C. Code § 5-129.51, and on the Plaintiffs'

claim for monetary and punitive damages.  The Plaintiffs also move that, upon class

certification, the Court order a bifurcation of trials as to the liability and damages issues.

### LCvR 7.1 (m) Certification

The undersigned counsel hereby certifies that on July 25, 2006 he conferred with

the Defendant's counsel of record, Mr. Jack Simmons, in a good faith effort to determine

if the Defendant opposed this class certification.  Mr. Simmons would not discuss the

Defendant's position, but on August 4, 2006, he filed the Defendant's Motion to Dismiss,

alleging *inter alia*, that the proposed Plaintiff class was not suitable for certification.

Docket # 11 at 16-17.


September 29, 2006

Respectfully Submitted,


_____
Matthew August LeFande
DC Bar #475995
1001 Sixteenth Street NW
Washington DC 20036-5701
Tel: (202)737-5350
Fax: (202)318-8019
email: matt@lefande.com
Attorney for the Plaintiffs

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MPD RESERVE OFFICERS, et al.**<br><br>                    **Plaintiffs**<br><br>**v.**<br><br>**CHARLES RAMSEY**<br><br>                    **Defendant** | **Case Number:**<br>**1:06CV01223HHK**<br><br>**Judge Henry H. Kennedy, Jr.** |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND FOR BIFURCATION OF TRIAL

The Plaintiffs, by counsel and pursuant to Federal Rule of Civil Procedure 23, have moved this Court to certify the above captioned civil action as a class action. The proposed class consists of all Reserve Officer members of the District of Columbia Metropolitan Police Department (herein, MPD). The Plaintiffs seek to maintain this class pursuant to Federal Rule of Civil Procedure 23(b)(1)(B) and 23(b)(2) on the issues of whether the Defendant violated District of Columbia and Federal law in promulgating administrative rules regarding the MPD Reserve Corps, whether the Plaintiffs are entitled to injunctive relief from those rules, and whether such rulemaking amounts to an unconstitutional deprivation of the liberty and property interests of the class. In the alternative, the Plaintiffs have moved this Court for an order pursuant to Rule 23(b)(3) as to whether the Defendant violated the District of Columbia Administrative Procedure Act, D.C. Code § 2-501, *et. seq.*, and the Reserve Officer provisions of the 2004 Omnibus Public Safety Reform Act, D.C. Code § 5-129.51, and on the Plaintiffs' claim for

monetary and punitive damages.  The Plaintiffs also have  moved that, upon class

certification, the Court order a bifurcation of trials as to the liability and damages issues.


FACTUAL BACKGROUND

Plaintiffs commenced this action against the Defendant on grounds that the

Defendant violated the District of Columbia Administrative Procedure Act in

promulgating administrative rules without providing a meaningful opportunity for notice

and comment to the public, in promulgating emergency rulemaking without the existence

of an emergency as required by the Act and in promulgating administrative rules which

deprived the entire proposed Plaintiff class of liberty and property interests without due

process of law.  In filing the Complaint, the Plaintiffs pled the elements of a class action

under Federal Rule of Civil Procedure 23.  Compl. ¶¶ 11-14.

In considering a motion for class certification, the Court does not reach the merits.

Instead, the determination whether class certification is appropriate should be made on

the pleadings in light of the procedural requirements of Rule 23.  *See, e.g.*, Eisen v.

Carlisle & Jacquelin, 417 U.S. 156, 178 (1974); Richards v. Delta Air Lines, Inc., 453

F.3d 525, 531 n.5 (D.C. Cir. 2006); Garcia v. Johanns, 444 F.3d 625, 633 n. 9 (D.C. Cir.

2006).  The facts alleged in this case are plainly sufficient to support grant of Plaintiffs'

motion for class certification.  Plaintiffs Griffith and Kim are both sworn, uniformed

members of the MPD Reserve Corps.  The Defendant has promulgated administrative

rules denying each and every member of the MPD Reserve Corps rights of administrative

due process in disciplinary matters previously promised and required under the MPD

General Orders, DC Code § 5-127.01[1] and 6A DCMR § 1000.2 ("[n]o member of the

force (except probationers) shall be dismissed from office except upon written charges

preferred against him or her in the name of the Chief of Police and after an opportunity

shall have been afforded him or her of being heard in his or her defense.")  Compl. ¶ 24.

The Defendant has further promulgated rules denying each and every member of the

MPD Reserve Corps the right to organize for the purpose of collective bargaining.

Compl. ¶ 26.   The Defendant has further promulgated rules infringing on the authority,

responsibilities and privileges of each and every member of the MPD Reserve Corps

otherwise granted under District of Columbia law.  Compl. ¶¶ 42-47.  The Plaintiffs seek

various types of relief, including a declaration that the Defendant violated the Plaintiffs'

constitutional rights of free speech and free association, an order enjoining the Defendant

from enforcing the unlawful rulemaking, and an award of compensatory and punitive

damages, as well as reasonable attorney's fees.  Compl. at 11-12.


ARGUMENT

## I.    The proposed class satisfies the requirements established by Federal Rule of Civil Procedure 23.

A lawsuit may be certified as a class action if the proposed class meets all of the

requirements of Rule 23(a) and fits within one of the subcategories of Rule 23(b).

Richards, 453 F.3d at 529 (citing Amchem Prods., Inc. v. Windsor, 521 U.S. 591 (1997);

---

[1] The Defendant claims that DC Code § 5-127.01 is rendered inapplicable by DC Code § 1-623.03 ("[t]he following provisions shall not apply to police officers and fire fighters appointed after the date that this chapter becomes effective").  However, District of Columbia Courts have held that Title 1of the DC Code, Merit Personnel System, is only applicable to civil service employees of the District of Columbia Government and specifically not MPD Reserve Officers.  Pls.' Ex. H at 2, 4-5  LeFande v. District of Columbia, et al., 03 CA 5514, (D.C. Sup. Ct. 2004), aff'd, 875 A.2d 116 (D.C. 2005).

Love v. Johanns, 439 F.3d 723, 727 (D.C. Cir. 2006); McCarthy v. Kleindienst, 741 F.2d 1406, 1414 n.9 (D.C. Cir. 1984)).  Class certification is appropriate in this case under any "rigorous analysis" of the Rule 23 requirements.  Love, 439 F.3d at 730 (citing Hartman v. Duffey, 19 F.3d 1459, 1473 (D.C. Cir. 1994)).

### a.   The Proposed Class Meets the Requirements of Rule 23(a).

Rule 23(a) contains four prerequisites that must be satisfied for a lawsuit to proceed as a class action:   One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members of the class is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.  Garcia, 444 F.3d at 631.

All four elements are met here, as discussed below.

### i.  Numerosity

The Plaintiffs estimate there are presently 200 Reserve Officers in the MPD Reserve Corps.  The numerosity requirement of Rule 23(a)(1) is met when the Plaintiffs demonstrate the "impracticability" of joinder; the rule does not require "impossibility." Robidoux v. Celani, 987 F.2d 931, 935 (2d Cir. 1993) (citing Harris v. Palm Springs Alpine Estates, Inc., 329 F.2d 909, 914 (9th Cir. 1964) (citing Advertising Specialty Nat'l Asso. v. Federal Trade Com., 238 F.2d 108, 119 (1st Cir. 1956)); 1 H. Newberg & A.

Conte, NEWBERG ON CLASS ACTIONS, § 3.03 (3ʳᵈ ed. 1992)); Goldstein v. North Jersey Trust Co., 39 F.R.D. 363, 367 (S.D.N.Y. 1966).

The Plaintiffs can satisfactorily demonstrate that the number of potential class members is too large for joinder even if they do not know the exact number of class members.   DL v. Dist. of Columbia, 05-1437 (RCL), 2006 U.S. Dist. LEXIS 59949 at 6 (D.D.C. 2006) (citing Bynum v. District of Columbia, 214 F.R.D. 27, 33 (D.D.C. 2003); Pigford v. Glickman, 182 F.R.D. 341, 347 (D.D.C. 1988)); Brown v. District of Columbia, 91-0132 (JHP), 1991 U.S. Dist. LEXIS 16524 at 3-4 (D.D.C. 1991) (citing Wilson v. Heckler, 580 F. Supp. 1387, 1390 (D.D.C. 1984) (citing 3B James Wm. Moore et al., MOORE'S FEDERAL PRACTICE § 23.05[3] (2ⁿᵈ ed. 1982) and Fitzgerald v. Schweiker, 538 F. Supp. 992, 1000 (D. Md. 1982) ("Plaintiffs' good faith estimate of the size of the class clearly is sufficient to establish numerosity."))  The Defendant possesses a current roster of the specific number of members in the Reserve Corps, the Plaintiffs do not.  "Plaintiff has in good faith attempted to ascertain the true class size and will doubtless be able to more accurately gauge the class with additional discovery."  Brown, supra at 4.

The class may include persons already harmed by the Defendant's conduct, as well as persons who will be harmed in the future. See, e.g., Davis v. Lukhard, 591 F. Supp. 319, 324 (D. Va. 1984) ("it is inexorable that as months and years go by more and more individuals will be added to this class and it would be well to dispose of the matter for once and all. Accordingly, plaintiffs have established that it would be impracticable to join all members of the class in this lawsuit.") rev'd on other grounds, 788 F.2d 973 (4ᵗʰ Cir. 1986); Afro American Patrolmen's League v. Duck, 366 F. Supp. 1095, 1099 (N.D.

Ohio 1973) ("the really important persons affected by this [class action] litigation" were

future applicants) *aff'd in relevant part, remanded on other grounds*, 503 F.2d 294, 298

(6th Cir. 1974).  MPD continues to solicit the services of new Reserve Officers.  *See*

http://mpdc.dc.gov/mpdc/cwp/view,a,1242,q,547109,mpdcNav_GID,1541.asp (MPD

website soliciting new Reserve Corps recruits).  Thus, the number of present officers and

future applicants subject to infringement of their rights plainly makes joinder

impracticable.   In this Court, "numerosity is presumed at a level of 40 members." <u>DL</u>,

*supra* at 7, (citing <u>Consolidated Rail Corp. v. Town of Hyde Park</u>, 47 F.3d 473, 483 (2d

Cir. 1993)).  *See also* <u>Brown</u>, *supra* at 3. ("A class of 98 is certainly sufficient to

demonstrate the impracticability of joinder.  Even if a number of these class members are

later discovered to be ineligible for inclusion in the class… there will likely remain a

sufficiently large number of members.") (citing <u>Bachman v. Collier</u>, 73 F.R.D. 300

(D.D.C. 1976) (joinder impracticable when class of potential plaintiffs contained 63

members); <u>Equal Employment Opportunity Commission v. Printing Industry</u>, 92 F.R.D.

51, 53 (D.D.C. 1981) ("as few as 25-30 class members should raise a presumption that

joinder would be impracticable"); <u>Stewart v. Abraham</u>, 275 F.3d 220, 226-227 (3d Cir.

2001) ("No minimum number of plaintiffs is required to maintain a suit as a class action,

but generally if the named plaintiff demonstrates that the potential number of plaintiffs

exceeds 40, the first prong of Rule 23(a) has been met") (citing 5 MOORE'S FEDERAL

PRACTICE § 23.22[3][a] (3d ed. 1999))).

        Moreover, even if numerosity were an issue, the requirement is relaxed when, as

here, the Plaintiffs seek injunctive or declaratory relief.  *See* <u>Smith v. Babcock</u>, 748 F.

Supp. 501, 505 (E.D. Mich. 1990), *vacated on other grounds*, 951 F.2d 350 (6th Cir.

1991). Consequently, there cannot be any serious doubt that the proposed class satisfies the numerosity requirement of Rule 23(a).

### ii.  Commonality

The "commonality" requirement of Rule 23(a) means only that there must be some question of law or fact common to the class.  DL, *supra* at 8, (citing Forbush v. J.C. Penney, Inc., 994 F.2d 1101, 1106 (5th Cir. 1993)).  "The commonality test 'is qualitative rather than quantitative, that is there need be only a single issue common to all members of the class.'" In re American Medical Systems, Inc., 75 F.3d 1069, 1080 (6th Cir. 1996) (quoting 1 NEWBERG ON CLASS ACTIONS, *supra*, § 3.10); *see also, e.g.*, Bynum, *supra*; Pendleton v. Schlesinger, 73 F.R.D. 506, 508 (D.D.C. 1977), *aff'd*, 202 U.S. App. D.C. 102, 628 F.2d 102 (D.C. Cir. 1980).  Sufficient commonality is shown where the allegations are that the party opposing the class engaged in some course of conduct that affects a group of persons and gives rise to a cause of action.  *See* Garcia, 444 F.3d at 631-632; Stewart v. Abraham, 275 F.3d 220, 227 (3d Cir. 2001).

In this case, the Plaintiffs' allegations demonstrate absolute commonality of both facts and law.  By incorporating the offending policies specifically addressed to those persons identically defined as those of the proposed Plaintiff class in administrative rulemaking, the Defendant has promulgated policies intended to have equal effect upon each member of the proposed Plaintiff class.  The Defendant has suggested, quite ridiculously and without authority in support, that the element of commonality may not be present, because he speculates that perhaps some members of the proposed class may not mind having their rights infringed upon by the offending rulemaking.  Docket # 11 at

7

16. The Defendant goes on to appear to concede that the declaratory nature of the relief

sought by the Plaintiffs is a claim common to all members of the proposed class.

> Moreover, the issues presented in this case are of a legal nature. There will be no
> need to determine, for example and assuming that a class were to successfully
> prosecute its claims, the amount of withheld benefits for each individual.
> Assuming that there is any relief granted in this case, such relief will almost
> certainly be of a declaratory nature and, therefore, generally applicable.

Id.

It is not necessary that every issue of law or fact be the same for each class

member, DL, *supra* at 8, (citing Forbush, 994 F.2d at 1106), though they are remarkably

similar herein. Factual variations among the claims of putative class members will not

defeat commonality, so long as "[i]t is unlikely that differences in the factual background

of each claim will affect the outcome of the legal issue." DL, *supra* at 9, (quoting

Califano v. Yamasaki, 442 U.S. 682, 701 (1979)). "The commonality requirement will

be satisfied if the named plaintiffs share at least one question of fact or law with the

grievances of the prospective class." Stewart v. Abraham, 275 F.3d 220, 227 (3d Cir.

2001) (quoting Baby Neal for & by Kanter v. Casey, 43 F.3d 48, 56 (3d Cir. 1994)). The

Plaintiffs' action, therefore, unquestionably satisfies the "commonality" requirement of

Rule 23(a).

### iii.  Typicality

The "typicality" requirement of Rule 23(a) overlaps and merges with the

"commonality" requirement. General Telephone Company v. Falcon, 457 U.S. 147, 157

n.13 (1982). Typicality exists where the named plaintiffs' claims and those of other class

members arise from the same event or course of conduct. *See* 1 NEWBERG ON CLASS

ACTIONS, *supra*, § 3.13 at 3-76. Rule 23(a)(3) requires that class representatives have

claims that are typical of all class members' claims. <u>DL</u>, *supra* at 10, (citing <u>Wagner v. Taylor</u>, 836 F.2d 578, 591 (D.C. Cir. 1987)). Typicality is not defeated when there are "differences in the factual patterns underlying the claims or defenses of individual class members." <u>Id</u>. (quoting <u>United States v. Trucking Employers, Inc.</u>, 75 F.R.D. 682, 688 (D.D.C. 1977) (citations omitted)). It is not necessary that each of the named Plaintiffs be subjected to all of the deprivations by the Defendant. The only requirement is that the named Plaintiffs were injured by the same alleged systemic pattern inherent in the offending rulemaking that allegedly injured the other class members, and that the named Plaintiffs' injury is typical of the other class members' injuries. <u>Id</u>. *See also* <u>Ritti v. U-Haul Int'l, Inc.</u>, 05-4182, 2006 U.S. Dist. LEXIS 23393 at 16-17 (D. Pa. 2006)

As discussed above regarding the element of "commonality," the Plaintiffs' claims of unlawful deprivation of their rights arise from the Defendant's unlawful rulemaking that adversely affect all Reserve Officers. Accordingly, the Plaintiffs' claims satisfy the typicality requirements of Rule 23(a).

### iv.  Adequacy of Representation

The adequacy of representation requirement also tends to merge with the commonality and typicality requirements of Rule 23(a). <u>Amchem Products, Inc.</u>, 521 US at 626 n.20. Adequacy of representation has two primary criteria: (1) the class representative must have common interests with the unnamed members of the class; and (2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel. *See* <u>Gonzales v. Cassidy</u>, 474 F.2d 67, 73 (5th Cir. 1973); <u>Senter v. General Motors Corp.</u>, 532 F.2d 511, 525 (6th Cir. 1976); <u>DL</u>, *supra* at 12, (citing <u>Wagner v. Taylor</u>, 836 F.2d 578, 595-596 (D.C. Cir. 1987); <u>National Ass'n of</u>

Regional Medical Programs, Inc. v. Mathews, 551 F.2d 340, 345 (D.C. Cir. 1976)); Ritti, *supra* at 15-16. A "class seeking primarily equitable relief for a common injury is assumed to be a cohesive group with few conflicting interests" moreover than a class seeking large monetary damages. In re Veneman, 309 F.3d 789, 792 (D.C. Cir. 2002). Both criteria are clearly met in this case. As discussed regarding the elements of commonality and typicality, the named Plaintiffs and the proposed Plaintiff class members suffer the same deprivations of their rights under the same unlawful rulemaking. The Plaintiffs and the class members also share the common interest of obtaining a judicial declaration of the unlawfulness of the Defendant's rulemaking. The Plaintiffs and the class share a further interest in obtaining an order enjoining the enforcement of such rules in the future. The Plaintiffs have no interests "antagonistic to the Class." Baby Neal, 43 F.3d at 55.

   The Plaintiffs' counsel is an attorney with nearly five years experience in civil litigation in the District of Columbia and Federal courts, and has himself served as an MPD Reserve Officer for nearly fourteen years. Further, the Plaintiffs' counsel was previously appointed as a Special Assistant Corporation Counsel for the District of Columbia. In addition to this Court, the Plaintiffs' counsel is presently admitted to practice before the District of Columbia Court of Appeals, the United States Courts of Appeal for the Fourth Circuit, the Federal Circuit and the District of Columbia Circuit, the United States District Court for Maryland, the United States Court of Federal Claims and the United States Tax Court. The Plaintiffs' counsel will be sworn in as a member of the United States Supreme Court Bar on November 8 of this year. While the Defendant has on occasion, questioned the abilities of Plaintiffs' counsel as a Reserve Officer, there

has never been a challenge to his abilities as an attorney.  The Plaintiffs and their counsel will represent the interests of the class adequately and vigorously.

## II.    The Proposed Class meets the requirements of Rule 23(b)(1) & (2).

When the prerequisites of Rule 23(a) are satisfied, an action may be maintained as a class action when it qualifies under any one of three conditions set forth in Rule 23(b). *See* Love, 439 F.3d at 727 (citing Amchem Prods., Inc., 521 U.S. at 613-16); Garcia, 444 F.3d at 631 (also citing Amchem).  An action can qualify and be certified under more than one of the Rule 23(b) scenarios.  *See, e.g.,* Mertz v. Harris, 497 F. Supp. 1134, 1139 (S.D. Tex. 1980) (certifying class under Rules 23(b)(1) & (2)); Dale Electronics, Inc. v. R.C.L. Electronics, Inc., 53 F.R.D. 531, 536-37 (D.N.H. 1971) (class certified under Rules 23(b)(1) & (2)); 1 NEWBERG ON CLASS ACTIONS, *supra*, § 4.08. In this case, the Plaintiffs seek certification under both Rule 23(b)(1) & (2), or alternatively, under Rule 23(b)(3).

### a.  The Plaintiffs qualify for an injunctive and declaratory class under Rule 23(b)(2).

Rule 23(b)(2) permits class certification when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the class as a whole."  FED. R. CIV. P. 23(b)(2).  "[I]t is generally recognized that civil rights actions seeking relief on behalf of classes like the putative class normally meet the requirements of Rule 23(b)(2)."  Stewart, 275 F.3d at 228 (citing Baby Neal, 43 F.3d at 59).  These elements are met in the present case. As discussed above, the Plaintiffs allege that the

11

Defendant has unlawfully promulgated administrative rules applicable to the entire class categorically.   The Plaintiffs seek both declaratory and injunctive relief from the Defendant's unlawful rulemaking.   The Plaintiffs still desire to serve in the Reserve Corps if the unlawful rulemaking is ended.

"Lawsuits alleging class-wide discrimination are particularly well suited for 23(b)(2) treatment since the common claim is susceptible to a single proof and subject to a single injunctive remedy."   Senter v. General Motors Corp., 532 F.2d 511, 525 (6th Cir. 1976).  *See also* In re Veneman, 309 F.3d at 792; Amchem Products, Inc., 521 U.S. at 613 ("[c]ivil rights cases against parties charged with unlawful, class-based discrimination are prime examples" of class actions permitted by 23(b)(2)); FED. R. CIV. P. 23(b)(2) Advisory Committee's Notes (offering as an illustration a civil rights case "where a party is charged with discriminating unlawfully against a class, usually one whose members are incapable of enumeration"); 1 NEWBERG ON CLASS ACTIONS, *supra*, § 4.11 at 4-39.

### i.   The Plaintiffs do not primarily seek monetary damages

The Plaintiffs seek an order enjoining the Defendant's illegal rulemaking. It is the Defendant's policies applied towards all Reserve Officers that the Plaintiffs challenge in this lawsuit.  The Plaintiffs' prayer for compensatory damages is plainly the lesser desired alternative and not cause for the class to lack entitlement to injunctive and equitable relief.  Otherwise, any monetary damages are purely "'incidental' to the requested injunctive or declaratory relief."  Taylor v. D.C. Water & Sewer Auth., 205 F.R.D. 43, 47 (D.D.C. 2002) (quoting Allison v. Citgo Petroleum Corp., 151 F.3d 402,

415 (5th Cir. 1998)). Individual questions of damages should be decided in a separate proceeding distinct from the Court making a determination of whether class-wide injunctive and declaratory relief is appropriate under Rule 23(b)(2). "[I]ncidental damages should be only those to which class members automatically would be entitled once liability to the class… as a whole is established." Allison, 151 F.3d at 415. The Plaintiffs' ancillary request for damages is no bar to Rule 23(b)(2) certification and a request for injunctive and declaratory relief for the Plaintiffs and on behalf of the class.

### ii. The Plaintiffs and the class do not limit their claims to damages for past injury and the class could include future Reserve Officers.

The Plaintiffs are in part, seeking relief from prospective harms. No known member of the Plaintiff class has been terminated from the Reserve Corps without due process under the new rulemaking.[2] It is indeed primarily from these prospective harms that the Plaintiffs seek injunctive and declaratory relief. The Plaintiffs are asking the Court to certify a class that includes all members over whom the Court could assume jurisdiction to include all Reserve Officers. MPD continues to solicit applications for new Reserve Officers as described *supra*. Such applicants could become Reserve Officers and members of the class during the course of this litigation.

---

[2] Reserve Officer James Johnson was terminated without due process prior to the Defendant's rulemaking, in violation of MPD General Order 101.3 [1995] (Pl.s' Ex. B), DC Code and 6A DCMR. *See* Docket #14 at 22-27.

### iii. The present Plaintiffs have standing to represent a Rule 23(b)(2) Class.

Both Plaintiff Griffith and Plaintiff Kim are presently members in good standing with the MPD Reserve Corps. Both are uniformed law enforcement officers sworn to keep the peace and uphold the laws of the District of Columbia. Both face the prospect of violating existing laws or the conflicting illegal rulemaking in the performance of the duties and legal obligations of their offices. *See* Compl. ¶¶ 42-47. Both seek declaratory and injunctive relief from the offending rulemaking. Both desire to continue serving in the Reserve Corps if provided consistent, fair and equitable rules and regulations. Declaratory and injunctive relief would afford a remedy for the actual and continuing harm that the Defendant's unlawful rulemaking has caused the Plaintiffs. The relief would be immediate and definitive: an order prohibiting the Defendant from unlawfully making or enforcing rules infringing upon the rights and privileges of all Reserve Officers.

### b. Alternatively, the Plaintiffs' claims qualify for certification under Rule 23(b)(3).

The requirements for certification under Rule 23(b)(3) are met because the questions of law or fact common to the members of the class predominate over any questions affecting only individual members and because the class action is superior to other available methods for fairly and efficiently adjudicating this case. Ritti, *supra* at 23-24. The primary questions common to the class are whether the Defendant violated the Administrative Procedure Act and whether the offending rulemaking violated the U.S. Constitution and those relevant parts of D.C. Code relating to the authority, responsibilities and privileges of police officers within the District of Columbia. These

questions are so central to the case that they predominate over any individual issues among the members of the class.

Under Rule 23(b)(3), it is sufficient that the Defendant engaged in a "common course of conduct" against the Plaintiff class, even if the Plaintiffs were injured at different times and in different ways. 7A Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 1778 ("if the defendant's activities present a 'common course of conduct' so that the issue of statutory liability is common to the class, the fact that damages or...reliance may vary for each party does not require that the class action be terminated as being beyond the scope of Rule 23(b)(3)"). The Plaintiffs allege such a course of conduct in the form of unlawful rulemaking applicable to and directed towards all members of the class by definition.

Rule 23(b)(3) does not require that these common questions be dispositive of the entire case, the "common issues previously identified must be shown by the plaintiffs to predominate over the non-common issues." Alliota v. Gruenberg, 05-2325 (RMU), 237 F.R.D. 4 at 21 (D.D.C. 2006) (citing Bynum, 214 F.R.D. at 39). To justify maintenance of the action under Rule 23(b)(3), "it is enough that 'discrimination had been practiced across the board.'" Bremiller v. Cleveland Psychiatric Institute, 898 F. Supp. 572 (N.D. Ohio 1995) (quoting Senter v. General Motors Corp., 532 F.2d 511, 524 (6th Cir.) *cert denied* 429 U.S. 870 (1976)). Here, class certification is especially appropriate because all the Plaintiffs' claims hinge on one dominant issue, the legality of the Defendant's rulemaking and thus "[t]he claims of all members of the class can succeed only if a [constitutional or statutory] violation is found, and if no such violation is found all claims will fail," Gerstle v. Continental Airlines, 50 F.R.D. 213, 219 (D. Colo. 1970).

The importance of overriding issues common to the entire class makes a class action procedure is superior to hundreds of individual claimants repeatedly litigating the issue of whether the Defendant's rulemaking was lawful.

### c. The Plaintiffs' punitive damage claims qualify for class certification.

The Plaintiffs' Complaint includes a claim for punitive damages, one of the remedies available in federal civil rights cases. *See, e.g.,* Smith v. Wade, 461 U.S. 30, 35-36 (1983); Kolstad v. ADA, 139 F.3d 958, 964 (D.C. Cir. 1998); E. Trans-Waste of Md., Inc. v. District of Columbia, 05-0032 (PLF), 2006 U.S. Dist. LEXIS 4700 (D.D.C. 2006); 42 U.S.C. § 1981, 1983.  Because the issues related to the award of punitive damages, the Defendant's class-wide deprivations of rights are the same for all class members and class treatment of the punitive damages claims is appropriate.

In Berger v. Iron Workers, 75-1743 (JGP/PJA), 1994 U.S. Dist. LEXIS 5342 (D.D.C. 1994), this Court made a single adjudication of liability for all of the class members.  Once a claimant established that he was a member of the plaintiff class, a rebuttable presumption existed that he was entitled to an award.  However, each member of the plaintiff class was required to make a *prima facie* evidentiary showing of the amounts of any damages claimed.  Each plaintiff bore the burden of persuasion of establishing the extent of the loss occasioned by defendant's unlawful actions.  The Special Master then considered the circumstances of each class member to determine if the award of punitive damages was warranted.  *See* Berger v. Iron Workers Reinforced Rodmen Local 201, 843 F.2d 1395, 1441 (D.C. Cir. 1988).  "So long as the court determines the defendant's liability and awards representative class members

compensatory damages, the district court may in its discretion award punitive damages to the class as a whole at that time." Sterling v. Velsicol Chemical Corp., 855 F.2d 1188 at 1217 (6th Cir. 1988) (awarding compensatory damages to Rule 23(b)(3) class members). A finding by this Court that the Defendant's policies or practices violate the Plaintiffs' constitutional rights entitles the Plaintiffs and others similarly situated to at least nominal damages, *see, e.g.,* Carey v. Piphus, 435 U.S. 247, 266 (1978), which may support an award of punitive damages in an appropriate case. *See, e.g.,* Beauford v. Sisters of Mercy-Province of Detroit, Inc., 816 F.2d 1104, 1108 (6th Cir. 1987), *cert. denied*, 484 U.S. 913 (1987). Because punitive damages would be awarded to punish the Defendant for his wrongful conduct, it would be proper to make a one-time, class-wide award of punitive damages without the necessity of determining the amount of actual compensatory damages to which any individual class member may be entitled.

A class action certified under Rule 23(b)(2) may include claims for monetary relief where, as here, the action is predominantly one for declaratory and injunctive relief. *See, e.g.,* Robertson v. National Basketball Ass'n., 556 F.2d 682, 685 (2nd Cir. 1977); 1 NEWBERG ON CLASS ACTIONS, *supra,* § 4.14; 7A Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 1775. Consequently, the punitive damages class in this case may be certified under any of Rules 23(b)(1), 23(b)(2), or 23(b)(3). *See also, e.g.,* In re "Agent Orange" Product Liability Litigation, 100 F.R.D. 718, 728 (E.D.N.Y. 1983) (certifying Rule 23(b)(1) punitive damages class in claims arising from exposure to Agent Orange), *mandamus denied sub nom* In re Diamond Shamrock Chemicals Co., 725 F.2d 858 (2nd Cir. 1984), *cert denied*, 465 U.S. 1067 (1984); Day v. NLO, 851 F. Supp. 869, 887 (S.D.

Ohio 1994) (certifying Rule 23(b)(2) punitive damages class in claims arising out of exposure to radiation).

### III.    Bifurcation of liability and damages trials is appropriate.

The Plaintiffs have also moved, pursuant to Federal Rule of Civil Procedure 42(b), for an order bifurcating the liability and damages phases of the case following certification of the class.  The first phase of the trial would consider liability issues common to the class, whether the Defendant's rulemaking infringes upon the Plaintiffs' Constitutional rights and whether the Defendant should be enjoined from the enforcement of those rules. The second phase would be a jury trial determination of the amount of compensatory damages to be awarded to the Plaintiffs.

Rule 23(c)(4) states specifically that "[w]hen appropriate...an action may be brought or maintained as a class action with respect to particular issues."  Bifurcation is commonly used as a case management technique in cases where there are both common class issues and individualized issues, such as for damages. *See, e.g.,* International Brotherhood of Teamsters v. United States, 431 U.S. 324, 343 n.24 (1977); Fidelity & Casualty Co. v. Mills, 319 F.2d 63, 63-64 (5th Cir. 1963) (rule gives trial court "broad discretion" to order separate trial); Johnson v. Helmerich & Payne, Inc., 892 F.2d 422, 424 (5th Cir. 1990) ("separation of issues of liability from those relating to damages is an obvious use for Rule 42(b)"); Ellison v. Rock Hill Printing & Finishing Co., 64 F.R.D. 415, 418 (D.S.C. 1974) ("A class with a large number of claimants with the identical issue of liability but with varying fact patterns as to the issue of damages necessitates bifurcation in order to conserve judicial time.")  This case, with the large number of class

members who have suffered common harm in the violation of their constitutional rights, but who may have varying claims for compensatory damages, justifies bifurcation.

## CONCLUSION

For these reasons, the Plaintiffs respectfully request the Court to grant the motion for class certification pursuant to Rule 23(b)(1) & (2), or, alternatively, under Rule 23(b)(3); and to grant the Plaintiffs' motion bifurcating liability and damages trials.

Respectfully Submitted,

_____
Matthew August LeFande
DC Bar #475995
1001 Sixteenth Street NW
Washington DC 20036-5701
Tel: (202)737-5350
Fax: (202)318-8019
email: matt@lefande.com
Attorney for the Plaintiffs

19