SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

MATTHEW A. LeFANDE,  :      03 SSM
              Plaintiff,  :      Civil Action No. 02ca6947
                :
                :      Judge Natalia M. Combs Greene
v.  :
                :      Calendar Eleven
DISTRICT OF COLUMBIA, et al.,  :
              Defendant.  :

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION TO FOR DISMISS PURSUANT TO RULE 4(m) AS MOOT**

This matter is before the Court on defendant's Motion for Summary Judgment and Dismissal pursuant to Super. Ct. Civ. R. 4(m)[1] and plaintiff's Opposition thereto. In short, this matter concerns plaintiff's involuntary separation from the Metropolitan Police Department where he served as a volunteer reserve officer. For the reasons stated herein, the Court is compelled to grant defendant's Motion for Summary Judgment. Defendants also move to dismiss one of the individually named defendants pursuant to Super. Ct. Civ. R. 4(m) which the Court denies as moot.

**I. The Motion for Summary Judgment**

Plaintiff's three hundred and thirty seven (337) paragraph complaint contain fourteen (14) counts.[2] Counts one and two claim breach of contract. Counts three, four, five and six allege retaliation for whistle blowing and largely concern the individually named defendants. Counts seven, eight, nine, ten and eleven claim defamation. Counts twelve and thirteen claim failure to supervise. Count fourteen is a claim for injunctive

---

[1] Defendant's Motion to Dismiss pursuant to Rule 4(m) pertains only to defendant Lt. McInnis.
[2] Plaintiff's complaint appears to be incorrectly numbered. Count X of the complaint is actually count XII and Count XI is actually the thirteenth count and Count XII is actually the fourteenth count. The Court will refer to the counts as they should apparently be numbered.

1

and declaratory relief.[3] Defendants argue they are entitled to summary judgment as to the breach of contract claims, or that these claims are "moot" essentially because the procedures plaintiff claims to be entitled have been and are being followed and that plaintiff has not been disciplined for an earlier disciplinary incident. Plaintiff claims that he had a binding agreement with defendants and that they are in breach of that agreement. Defendants further argue that plaintiff's retaliation claims under the whistleblower provisions of the Comprehensive Merit Personnel Act cannot stand because plaintiff was not an "employee" of the District of Columbia as that term is defined in the Act. In addition defendants argue that some of these counts are barred by the statute of limitations. Plaintiff counters that defendants' reading of the statute is too narrow. As to plaintiff's defamation claims, defendants argue that the causes of action cannot stand as they are barred by absolute immunity as they find their genesis in discretionary actions by individual employees in performing their official duties. Plaintiff apparently claims, *inter alia*, that the actions involved ministerial, not discretionary acts and that the acts were in retaliation for certain disclosures made by plaintiff. Finally, defendants argue that the failure to supervise counts must fail as the claims seek to have the Court "...review an alleged decision not to initiate investigations against plaintiff's supervisors for actions with which plaintiff disagrees." Defendants argue that because any such actions are within the perimeter of official duties of certain unnamed persons, the counts are barred by absolute immunity. Plaintiff counters by claiming that a claim may arise for the negligent supervision or training of police officers.

Rule 56 indicates that a court should grant a motion for summary judgment when "there is no genuine issue as to any material fact and that the moving party is entitled to a

---

[3] Plaintiff's Motion for Preliminary Injunction was previously denied after hearing.

2

judgment as a matter of law." Super. Ct. Civ. R. 56(c). The Court of Appeals has framed the issue in this fashion, "[s]ummary judgment is appropriate when there are no material facts in dispute and it is clear that the moving party is entitled to judgment as a matter of law." *Townsend v. Waldo*, 640 A.2d 185 (D.C. 1994).

When a party moves for summary judgment, "[t]he moving party carries the burden of proving that no genuine issue of fact is in dispute." *Grant v. May Dept. Stores*, 786 A.2d 580, 583 (D.C. 2001). The moving party may shift this burden if they can successfully show that if the case proceeded to trial, the nonmoving party would not be able to bring forth any competent evidence against them. *Nader v. de Toledano*, 408 A.2d 31 (1979). In considering the motion, "[t]he pleadings, depositions, and affidavits admitted in support of the motion must be viewed in the light most favorable to the non-moving party." *Id.* (citation omitted).

After the moving party makes a showing that there is no genuine issue of material fact, "the non-moving party then has the burden to show that an issue does exist." *Grant*, 786 A.2d at 583 (citing *Nader*, 408 A.2d at 41) (citation omitted). Once the burden has shifted, "[m]ere conclusory allegations on the part of the non-moving party are insufficient to stave off the entry of summary judgment." *Musa v. Continental Insurance Co.*, 644 A.2d 999, 1002 (D.C. 1994) (citing *Graff v. Malawar*, 592 A.2d 1038, 1040 (D.C. 1991)). The Court of Appeals has interpreted this to mean that the nonmoving party must bring forth specific facts by means of affidavit or other documents in a similar sworn fashion that indicate that there is in fact a genuine issue for trial. *See Potts v. District of Columbia*, 697 A.2d 1249 (D.C. 1997). Put another way, a motion for summary judgment compels the complainant to show that there is "sufficient evidence

3

supporting the claimed factual dispute to require a jury or judge to resolve the parties' differing versions of the truth at trial." *International Underwriters, Inc. v. Boyle*, 365 A.2d 779, 782 (D.C. 1976).

In sum, the Court should grant this Motion for Summary Judgment "if (1) taking all reasonable inferences in the light most favorable to the nonmoving party, (2) a reasonable juror, acting reasonably, could not find for the nonmoving party, (3) under the appropriate burden of proof." *Nader*, 408 A.2d at 42.

In review of the Opposition and supporting exhibits, the Court cannot, on this record, conclude that a genuine issue of material fact exists even viewing the evidence in the light most favorable to plaintiff. In the first instance, it is difficult to discern many of the allegations as set out in the complaint. In addition, plaintiff's opposition is little more than a restatement of the claims as set out in the complaint. The affidavit submitted by plaintiff in support of his Opposition falls short. Upon review, the Court cannot say that a genuine issue of material fact exists. For instance, although plaintiff indicates by affidavit that he did not sign a Volunteer Service Agreement, defendants have presented the Court with a copy of such an agreement and the signature, allegedly of plaintiff, appears to be the same as it appears on other documents signed by defendant and submitted to the Court. In addition, defendants have presented additional affidavits in support of their position that plaintiff was not an employee for compensation and other arguments presented in their Motion for Summary Judgment. In addition, the other facts set out in the affidavit fall short of demonstrating that plaintiff was an employee of the Metropolitan Police Department receiving compensation or that plaintiff had an application for employment pending. The cases to which plaintiff cites are largely

4

inapposite or may be distinguished. In addition, the Court must agree with defendants' argument that, as to plaintiff's defamation claims, the alleged defamatory statements arose from and during the performance of the individual official's duties. Plaintiff has failed, by competent evidence as is required at this stage in opposition to a motion for summary judgment, to demonstrate otherwise.

Finally, plaintiff's claims in Count fourteen of the complaint must be dismissed as they are essentially rendered moot by the granting of defendants' Motion.

## II. The Motion to Dismiss defendant McInnis Pursuant to Super. Ct. Civ. Rule 4(m)

Defendants ask the Court to dismiss defendant McInnis from the action, as this defendant has never been properly served. Defendants, however, seems to abandon this argument as they do no more that state that defendant McInnis should be dismissed. Based on the opposition to such dismissal, the Court is inclined to deny the Motion to Dismiss pursuant to Rule 4(m). However, in light of the Court's grant of the Motion for Summary Judgment brought on behalf of all defendants, including the individually named defendants, the Motion is moot.

Accordingly, it is this __7__ day of January, 2004 **ORDERED** that defendant's Motion for Summary Judgment is **GRANTED** and defendant's Motion to Dismiss pursuant to Super. Ct. Civ. R. 4(m) is **DENIED AS MOOT**.

**SO ORDERED.**

                                                Honorable Natalia M. Combs Greene
                                                (Signed in Chambers)

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

MATTHEW A. LeFANDE, :         03 SSM
          Plaintiff, :         Civil Action No. 02ca6947
           :
           :         Judge Natalia M. Combs Greene
v. :
           :         Calendar Eleven
DISTRICT OF COLUMBIA, et al., :
          Defendant. :

JUDGMENT

This matter came before the Court on Motion for Summary Judgment, The Honorable Natalia M. Combs Greene, Superior Court Judge, presiding, the issues having been duly considered and the court having duly rendered its decision, it is this 7 day of January, 2004

**ORDERED**

That plaintiff takes nothing and JUDGMENT is hereby entered in favor of all the defendants against the plaintiff Matthew A. LeFande.

                                                          Judge Natalia M. Combs Greene
                                                          (Signed in chambers)

cc: