UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CHRISTOPHER GRIFFITH and DANIEL KIM, | ) ) ) | |
| Plaintiffs, | ) ) | Civil No. 06 – 01223 ( HHK) |
| v. | ) ) | |
| CHARLES RAMSEY, Defendant. | ) ) ) ) | |

**RESPONSE OF DEFENDANT
TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Plaintiffs Christopher Griffith and Daniel Kim, both of who are volunteer Reserve Officers of the Metropolitan Police Department ("MPD") have moved the Court to certify the above-captioned matter as a class action. A motion to dismiss is pending.

Defendant submits that – given the pendency of a fully-briefed and comprehensive motion to dismiss the Complaint – the Court should defer any ruling on the motion for class certification until after the Court rules on the motion to dismiss. If the Court grants the motion to dismiss, these Plaintiffs will have failed to state a claim on which relief may be granted and there will be no claim on which a class could be certified. The named plaintiffs would be unable to represent any class of MPD Reserve Officers and the motion for class certification will be rendered moot. If the motion to dismiss is denied, the Court's ruling may provide parameters of the issues that may remain and, therefore, may affect the motion for class certification.

A proposed order is attached.

**Background**

As the Court knows, this case involves individuals who volunteer their services to the District of Columbia as Reserve Officers of the Metropolitan Police Department under the Volunteer Services Act. D.C. Law 2-12, 24 D.C. Reg. 1442 (June 28, 1977), codified as D.C. Official Code §§ 1-319.01 – .05 (2006). Volunteers are not employees of the District government and they are not eligible for benefits provided to civil service employees, D.C. Official Code § 1-319.03(b) (2006), and they receive no pay for their services. D.C. Official Code § 1-319.05(2) (2006). They are treated as civil service employees <u>only</u> for the limited purpose of claims for tort liability against the District for acts performed during their volunteer service. D.C. Official Code §§ 1-319.03(c) and (d) (2006). An individual serves in a volunteer capacity solely at the agency's discretion. 6 DCMR §§ 4400 <u>et</u> <u>seq.</u>

Effective March 1, 1995, the MPD issued General Order No. 101 regarding the Reserve Corps to provide internal MPD guidance on such matters as its organization, the command structure, the various levels of duty for Reserve Officers, assignments, and recruiting. The General Order, like all MPD General Orders, was not put into effect as a regulation under the APA but rather as internal administrative guidelines.

In 2004, the District enacted the Metropolitan Police Department Reserve Corp Establishment Act of 2004, as section 1001 of the Omnibus Public Safety Act of 2004. D.C. Act 15-463, 51 D.C. Reg. 9406 (Oct. 8, 2004). Section 1001 established – or, more correctly, re-authorized – a Reserve Corps "to assist full-time, sworn police personnel in both the day-to-day and emergency delivery of law enforcement services." D.C. Official Code § 5-129(a) (2006). The Act provided that the membership in the Reserve Corps be made up of volunteers "who fulfill police duties and responsibilities as determined by the Chief of the [MPD]." D.C. Official

Code § 5-129(b) (2006). The Mayor was authorized to issue rules to implement the statute. D.C. Official Code § 5-129(d) (2006). The Mayor delegated that authority to the Chief of Police.

Effective May 19, 2006, the MPD promulgated emergency regulations for a period of thirty days and a notice of proposed rulemaking regarding the MPDRC. 53 D.C. Reg. 4581 (June 9, 2006). The emergency rules expired on June 19, 2006. Final rules have not issued.

On July 6, 2006, Plaintiffs filed this civil action challenging both the regulations and the General Order. (Docket No. 1). On July 10, 2006, Plaintiffs moved for a temporary restraining order and a preliminary injunction. (Docket Nos.2 and 3). On July 13, 2006, the Court denied the motion for a temporary restraining order. (Docket No. 5).

On August 4, 2006, the Defendant filed a comprehensive motion to dismiss the Complaint as to all counts. (Docket No. 11). Plaintiffs have opposed that motion. (Docket No. 14). The motion is now before the Court for decision. It is Defendant's view that this case presents little more than Plaintiffs' policy disagreements with the MPD regarding the management of the Reserve Corps and the status of Reserve Officers. See Defendant's Motion to Dismiss and Defendant's Opposition to Plaintiffs' Motion for a Preliminary Injunction. (Docket Nos. 10 and 11).

On August 16, 2006, the Court held a hearing on Plaintiffs' motion for a preliminary injunction. On August 18, 2006, the Court denied the motion. (Docket No. 16). As to irreparable injury, the Court ruled that the Plaintiffs had failed to establish irreparable injury because the alleged injury was "entirely speculative." As to likelihood of success, the Court stated that, without ruling on the issue at that point, "the court finds persuasive defendant's argument that plaintiffs fail to state a federal cause of action." Order of August 16, 2006, at 3. Docket No. 16).

On September 29, 2006, Plaintiffs moved the Court to certify this matter as a class action, with Mr. Griffith and Mr. Kim as the class representatives.  Docket No. 17).

**Discussion**

Defendant submits that the Court should defer consideration of Plaintiffs' motion for class certification until after the Court decides the pending motion to dismiss.

In the first place, there is a serious question as to whether this action will even survive the motion to dismiss.  If the Court grants the Defendant's motion to dismiss, then the motion for class certification will be rendered moot.  Neither the Court nor the Defendant should have to expend the time and resources to address the motion for class certification in circumstances where there is a real probability that the case may be dismissed.

Perhaps more important, if the case is dismissed, neither Plaintiff Griffith nor Plaintiff Kim would have stated a cause of action.  Neither one of them would be able to be class representatives because, absent a cause of action, neither of them could maintain a claims, whether for themselves or on behalf of a putative class.  If they have no valid claims, then any such claims cannot meet the typicality or commonality requirements of Fed. R. Civ. P. 23(a)(2) and 23(a)(3).

In the second place, in the event that the Court does not fully grant the motion to dismiss, the question of class certification should await the Court's ruling on the motion to dismiss.  The Court's ruling will certainly provide the parties with guidance regarding the issues that may remain in the litigation and this might well affect the questions that the Court and the parties must address regarding class certification.  So that the Defendant may address the motion for class certification in the context of the issues of the case after the ruling on the motion to dismiss,

Defendant submits that any response to the motion for class certification await the Court's ruling on the motion to dismiss. [1]

## Conclusion

For all of the foregoing reasons, the Court should defer Defendant's response to the motion for class certification until after the Court decides the Defendant's motion to dismiss.

Dated: October 11, 2006

                                                              Respectfully submitted,

                                                              ROBERT J. SPAGNOLETTI
                                                              Attorney General for the District of Columbia

                                                              GEORGE C. VALENTINE
                                                              Deputy Attorney General
                                                              Civil Litigation Division


                                                              ____/s/_____
                                                             KIMBERLY MATTHEWS JOHNSON
                                                             Chief, Section 1
                                                             DC Bar No. 435163


                                                             ____/s/_____
                                                             JACK M. SIMMONS, III
                                                             Assistant Attorney General
                                                             DC Bar No. 925420
                                                             441 Fourth St., NW

---

[1] While Defendant does not here address the merits of the motion for class certification, it notes that this case differs from the usual case in which class certification is sought. Although this Complaint is couched in terms that seek both damages and injunctive relief, the case is primarily a challenge to the policy decisions underlying the now-expired emergency rules, not-yet-promulgated final rules, and the legislative decision that Reserve Officers are not to be afforded the same rights and benefits as civil service employee MPD officers. (Of course, since those rules remain under administrative consideration, the final rules, if issued, could well be different from the proposed rules.)

- 6 -

                Sixth Floor South
                Washington, DC  20001-2714
                (202) 724-6653
                (202) 727-0431   (fax)
                jack.simmons@dc.gov
                Attorney for Defendant