UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CHRISTOPHER GRIFFITH and DANIEL KIM, | ) ) ) | |
| Plaintiffs, | ) ) | Civil No. 06 – 01223 ( HHK) |
| v. | ) ) | |
| CHARLES RAMSEY, Defendant. | ) ) ) | |

**MOTION OF DEFENDANT FOR EXTENSION OF TIME TO RESPOND
TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Defendant moves the Court for an extension of time to respond to Plaintiffs' motion for partial summary judgment on Plaintiffs' claims under District of Columbia law up to and including ten business days after the Court rules on Defendant's motion to dismiss the Complaint.

The ground for this motion, more fully set forth in the memorandum of points and authorities attached hereto and made part hereof by reference, is that there is a pending motion to dismiss this case which, if granted, will dispose of this case and render the Plaintiffs' summary judgment motion moot. Alternatively, even if the Court does not grant the motion in full, the Court's ruling may well affect the parameters of any remaining legal issues. It is almost certain that the ruling of the Court on the motion to dismiss will affect the present motion for summary judgment inasmuch as the legal issues raised by Plaintiffs appear to be very similar, if not identical, to the legal arguments Plaintiffs have raised in opposition to the Defendant's motion to dismiss. Neither the Court nor the Defendant should have to expend the time and resources to

address a motion for summary judgment in circumstances where there is a real probability that the claims may not survive.

    Plaintiffs do not consent to the relief sought in this motion.

Dated: October 24, 2006

    Respectfully submitted,

    ROBERT J. SPAGNOLETTI
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division


     /s/
    KIMBERLY MATTHEWS JOHNSON
    Chief, Section 1
    DC Bar No. 435163


     /s/
    JACK M. SIMMONS, III
    Assistant Attorney General
    DC Bar No. 925420
    441 Fourth St., NW
    Sixth Floor South
    Washington, DC  20001-2714
    (202) 724-6653
    (202) 727-0431   (fax)
    jack.simmons@dc.gov
    Attorney for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER GRIFFITH and DANIEL KIM, <br>     Plaintiffs, <br><br> v. <br><br> CHARLES RAMSEY, <br>     Defendant. | Civil No. 06 – 01223 ( HHK) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANT FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Defendant moves the Court for an extension of time to respond to Plaintiffs' motion for partial summary judgment on their District of Columbia law claims up to and including ten business days after the Court rules on Defendant's motion to dismiss the Complaint.

**Background**

As the Court knows, this case involves two individuals who volunteer their services to the District of Columbia as Reserve Officers of the Metropolitan Police Department. They challenge now-expired emergency regulations regarding Reserve Officers, proposed final regulations, and MPD General Order No. 101, issued March 28, 2006 (replacing General Order No. 101 issued in 1995). In Plaintiffs' view, the General Order and the regulations deprive them of constitutional rights, rights under the National Labor Relations Act, and rights under District of Columbia law. Plaintiffs seek damages and injunctive relief.

Without here reiterating the detailed background to this matter, suffice it to say that the Court has now denied both Plaintiffs' motion for a temporary restraining order and their motion

for a preliminary injunction ("PI"). Defendant's fully-briefed motion to dismiss is pending before the Court. Plaintiffs have also moved to certify this matter as a class action.

On October 15, 2006, Plaintiffs moved for summary judgment for declaratory and injunctive relief. (Docket No. 19). The motion addresses only Plaintiffs' claims under District of Columbia law, particularly the asserted noncompliance with the District of Columbia Administrative Procedure Act ("DCAPA") in the issuance of MPD General Order 101 and the issuance of proposed final regulations.

**Discussion**

Defendant submits that the Court should permit the Defendant to respond to Plaintiffs' motion for summary judgment after the Court rules on Defendant's pending motion to dismiss.

In the first place, there is a serious question as to whether this action will even survive the motion to dismiss and, indeed, the Court expressed its misgivings about the merits of this case when it rules on Plaintiffs' motion for a preliminary injunction. If the Court grants the Defendant's motion to dismiss as to all claims, then the motion for summary judgment will be moot. If the Court grants Defendant's motion to dismiss the constitutional and federal law claims, the Court would be without supplemental jurisdiction to hear the District of Columbia Administrative Procedure Act claims that form the basis of the summary judgment motion. The issues raised in the present motion for summary judgment – actually, a motion for partial summary judgment on liability on the claims raised under District of Columbia law – are virtually identical to the issues raised by Plaintiffs in their motions for a PI and in their opposition to Defendant's motion to dismiss. The Court indicated, in addressing likelihood of success on the merits in ruling on the PI motion, that the Plaintiffs' position was not persuasive.

In the second place, if the Court does not fully grant the motion to dismiss, the Court's ruling will provide guidance regarding the issues that may remain in the litigation and this might well affect the questions that the Court and the parties must address in considering the motion for partial summary judgment. This is a very likely here inasmuch as Plaintiffs' summary judgment issues are similar, if not identical, to the issues that they unsuccessfully raised in the motion for preliminary injunction. Their legal arguments are virtually the same as Plaintiffs' arguments in opposition to the Defendant's motion to dismiss.

Neither the Court nor the Defendant should have to expend the time and resources to address a motion for summary judgment in circumstances where there is a real probability that the claims may not survive or in which the issues may be significantly narrowed by the Court's ruling on the dispositive motion. So that the Defendant may address the motion for summary judgment in the context of the issues of the case after the ruling on the motion to dismiss, Defendant submits that any response to that Defendant's response should await the Court's ruling on the motion to dismiss. A proposed order is attached.

Dated: October 24, 2006

                    Respectfully submitted,

                    ROBERT J. SPAGNOLETTI
                    Attorney General for the District of Columbia

                    GEORGE C. VALENTINE
                    Deputy Attorney General
                    Civil Litigation Division

                     /s/_____
                    KIMBERLY MATTHEWS JOHNSON
                    Chief, Section 1
                    DC Bar No. 435163

- 4 -

   /s/
JACK M. SIMMONS, III
Assistant Attorney General
DC Bar No. 925420
441 Fourth St., NW
Sixth Floor South
Washington, DC  20001-2714
(202) 724-6653
(202) 727-0431   (fax)
jack.simmons@dc.gov
Attorney for Defendant