UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MPD RESERVE OFFICERS, et al.**<br><br>                         **Plaintiffs**<br><br>v.<br><br>**CHARLES RAMSEY**<br><br>                         **Defendant** | **Case Number:**<br>**1:06CV01223HHK**<br><br>**Judge Henry H. Kennedy, Jr.** |

**PLAINTIFFS' OPPOSITION TO THE DEFENDANT'S MOTION FOR
EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT**

The Plaintiffs, by counsel, hereby oppose the Defendant's Motion for Extension of Time to Respond to Plaintiffs' Motion for Summary Judgment. Docket #20. The name of the Defendant's Motion is disingenuous. The Defendant does not request a specific amount of additional time beyond the eleven days provided under Local Civil Rule 7(b). Prior to refusing consent to this Motion, the Plaintiffs' counsel offered an additional set period of time for the Defendant, but the offer was declined. Rather than asking for a specific amount of additional time to respond, the Defendant instead wishes to circumvent Local Civil Rules 7(h) and 56.1 to avoid conceding or objecting to the Plaintiffs' Statement of Facts whatsoever. The Court should not permit the Defendant's continued obfuscation of the factual issues present in this matter and should compel the Defendant to respond to the Plaintiffs' Statement of Facts or treat them as conceded. The Court should now treat the Defendant's Motion to Dismiss as a Motion for Summary Judgment.

1.  **The Defendant's ongoing unlawful conduct precludes him from candidly responding to the Plaintiffs' Statement of Facts as required for an opposition to a Motion for Summary Judgment.**

The Defendant can not now respond to the Plaintiffs' statement of facts because certain facts as stated are fatal to his defense. Facts 1-16, cannot be rationally controverted as each is a matter of public record. Docket #19 at 3-5. Fact 17, "[t]he Defendant refuses to refrain from further emergency rulemaking regarding the MPD Reserve Corps" (Id. at 4) can not be controverted as the Defendant has asserted such in his Motion to Dismiss. Docket #11 at 13. ("Defendant notes that a new set of emergency rules is being prepared and expects those rules to be issued in the next few days.") Absent an affirmative forbearance from further emergency rulemaking, which the Defendant plainly refuses, this issue can never be moot. The Defendant is therefore stuck where he can now "neither confirm nor deny" the truthfulness of fact 17 or he will face summary judgment upon the lawfulness thereof.

The Defendant can not respond to facts 18 and 19 for similar reasons. The Plaintiffs assert that "[t]he Defendant refuses to treat the proposed rulemaking as a 'contested case' as defined under D.C. Code § 2-502 (8)" and "[t]he Defendant refuses to afford the Plaintiffs a hearing on the proposed rulemaking as otherwise required by D.C. Code § 2-509". Id. The Plaintiffs complain that the Defendant's rulemaking has infringed upon their rights otherwise guaranteed under the First and Fourth Amendments of the United States Constitution. Docket # 1 at 6-7. The Defendant counters that the Plaintiffs have no rights, claiming (counter to the Supreme Court's clear edict in Thomas v. Collins, 323 U.S. 516, 518, 89 L. Ed. 430, 65 S. Ct. 315 (1945)) that rights of collective bargaining are not fundamental rights, they can only be granted by statute and

that the Plaintiffs have "only such rights as the District chose to give them".  Docket #11 at 8.  D.C. Code § 2-502 (8) provides that cases defined as a "contested case" include those cases where the legal rights under law and/or the Constitution must be determined by a hearing.  The Plaintiffs' rights under statute and under the Constitution are plainly adversely affected by the rulemaking and the Plaintiffs are entitled to due process prior to their deprivation.

If the Defendant agrees to treat the matter as a contested case, the Plaintiffs are then entitled to a hearing, and the Defendant has the burden of proof in justifying his infringement upon the Plaintiffs' rights.  D.C. Code § 2-509 (b).  In the event of a hearing decision unfavorable to them, the Plaintiffs are then further entitled to a review of the decision by the District of Columbia Court of Appeals.  D.C. Code § 2-510.  The Defendant's unlawful rulemaking will not withstand this kind of judicial scrutiny; he can not meet his burden of proof and rulemaking impeding the performance of a volunteer police force without further justification can not be found to be in the public interest.  In the alternative, if the Defendant admits that he will not treat the offending rulemaking as a "contested case", he is in violation of D.C. Code §§ 2-502 and 2-509 *per se*.  Therefore, the Defendant can not respond to facts 18 or 19 without expressly implicating himself in wrongdoing or now granting the Plaintiffs the due process he has endeavored to deny them.

## 2. The Defendant's Motion to Dismiss should be treated as a Motion for Summary Judgment and adjudicated concurrently with the Plaintiffs' Motion for Partial Summary Judgment.

The Defendant's Rule 12(b)(6) motion only asserts that the Plaintiffs have failed to state a claim for which relief can be granted.  The Defendant makes no further defense under Rule 12(b), including lack of jurisdiction or improper venue.  A Rule 12(b)(6) motion only tests the legal sufficiency of the complaint.  Kingman Park Civic Ass'n v. Williams, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002)).  Dismissal under Rule 12(b)(6) is inappropriate unless the "plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Browning, 292 F.3d at 242 (citing Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)).

Within his Rule 12(b)(6) motion, the Defendant presented numerous matters outside the pleading. *See* Docket # 11 at 4-6 (the allegation that Reserve Officers do not have civil service protections, the allegation that Reserve Officers are not subject to the civil service selection and training processes[1], the allegation that Reserve Officers are not "sworn" officers and the allegation that Reserve Officers "may or may not be subject to the same regulations as sworn officers").  This Court cannot consider the Defendant's Motion to Dismiss without accepting these allegations into the record.  *See i.e.* Id. at 9 ("The allegations flow from an incorrect assumption, that the Reserve Officers are entitled to the same rights and privileges as regular police officers.")

If the Court does admit these allegations into the record, the Court must treat the Defendant's Motion to Dismiss as a Motion for Summary Judgment.  Fund for Animals,

---

[1] This allegation alone would amount to an express violation of D.C. Code 5-129.51(c) "[t]he selection criteria required for and training provided to members of the Reserve Corps shall be similar to the selection criteria required for and training provided to full-time, sworn police personnel."

4

Inc. v. United States BLM, 460 F.3d 13, 18 n.4 (D.C. Cir. 2006) (citing FED. R. CIV. P. 12(b)); FOP Dep't of Corr. Labor Comm. v. Williams, 363 U.S. App. D.C. 1 (D.C. Cir. 2004) (citing Yates v. District of Columbia, 324 F.3d 724, 725 (D.C. Cir. 2003)).  The Court cannot grant the Defendant's Motion unless such alleged facts are uncontested. Kingman Park Civic Ass'n v. Williams, 348 F.3d 1033, 1041 (D.C. Cir. 2003) (quoting FED R. CIV. P. 56(c) ("Summary judgment under Rule 56 is appropriate where the pleadings and the record 'show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"))  The Plaintiffs have expressly contested each of them, with competent authority in support, within their Opposition thereto.  Docket #14 at 7-11.

### 3.     The Court's time is best served by concurrently considering those issues endemic to both the Plaintiffs' and the Defendant's Motions.

Findings of law on certain key legal issues in this case concurrently resolve both the Defendant's Motion to Dismiss and the Plaintiffs' Motion for Partial Summary Judgment.  The Defendant expressly concedes that the Plaintiffs' defenses to the Motion to Dismiss are the same as their stated causes for granting them partial summary judgment.  Docket # 20 at 1 ("the legal issues raised by the Plaintiffs [in their motion for summary judgment] appear to be very similar, if not identical, to the legal arguments Plaintiffs have raised in opposition to the Defendant's motion to dismiss.")

If the Court finds that the Plaintiffs have a fundamental liberty interest in organizing for collective bargaining, they are entitled to an injunction against rulemaking prohibiting it.  If the Court finds that District of Columbia law entitles them to a hearing prior to removal from the police department, they are entitled to an injunction against

5

rulemaking denying them such due process. If the Court finds that the Defendant engaged in legislative activity impacting the Plaintiffs' rights without proper authority, the Plaintiffs are entitled to an injunction against the rulemaking.  If the Court finds to the contrary for each of these issues, then the Plaintiffs may have failed to state a claim for which relief can be granted and the cause may be dismissed.  The issues within the Defendant's and the Plaintiffs' Motions are indeed identical and the Defendant's present request to avoid answering the Plaintiffs' Motion is nonsensical.

This Court ordinarily hears such cross motions concurrently, not sequentially. *See i.e.* Sierra Club v. Mainella, 04-2012 (JDB), 2006 U.S. Dist. LEXIS 77632 (D.D.C. 2006); United States ex rel. K & R Ltd. P'ship v. Mass. Hous. Fin. Agency, 99-1343 (RCL), 2006 U.S. Dist. LEXIS 73536 (D.D.C. 2006); Venetian Casino Resort v. EEOC, 00-2980 (RJL), 2006 U.S. Dist. LEXIS 70972 (D.D.C. 2006); Croddy v. FBI, 00-651 (EGS), 2006 U.S. Dist. LEXIS 71823 (D.D.C. 2006); Am. Postal Workers Union v. United States Postal Serv., 05-1430 (JR), 2006 U.S. Dist. LEXIS 68964 (D.D.C. 2006); Ball Mem. Hosp. v. Leavitt, 04-2254 (RMC), 2006 U.S. Dist. LEXIS 68226 (D.D.C. 2006); Delano v. Roche, 04-0830 (RBW), 2006 U.S. Dist. LEXIS 66860, 1-2 (D.D.C. 2006); West v. Jackson, 05-1441 (RMC), 2006 U.S. Dist. LEXIS 65632, 13-14 (D.D.C. 2006); Fund For Animals v. Hall, 03-0677 (RMU), 2006 U.S. Dist. LEXIS 61917 (D.D.C. 2006); Barry v. Trs. of the Int'l Ass'n Full-Time Salaried Officers, 02-2371 (JDB); 2006 U.S. Dist. LEXIS 61165 (D.D.C. 2006); Maydak v. United States DOJ, 00-0562 (RBW), 2006 U.S. Dist. LEXIS 58409, 17-18 (D.D.C. 2006); Public Citizen v. Clerk, United States Dist. Court, 06-0523 (JDB), 2006 U.S. Dist. LEXIS 55740 (D.D.C. 2006); Ctr. for Biological Diversity v. Gutierrez, 05-1045 (RMC), 2006 U.S. Dist. LEXIS

55437 (D.D.C. 2006); Roberts v. Harvey, 441 F. Supp. 2d 111, 122 (D.D.C. 2006); Reid v. D.C., 03-746 (RWR), 2006 U.S. Dist. LEXIS 50893 (D.D.C. 2006); D.C. v. Jeppsen, 05-1309 (RJL), 2006 U.S. Dist. LEXIS 50898 (D.D.C. 2006); Welzel v. Bernstein, 436 F. Supp. 2d 110, 112 (D.D.C. 2006); Holman v. Williams, 436 F. Supp. 2d 68, 82 (D.D.C. 2006); Hawai'i Orchid Growers Ass'n v. United States Dep't of Agric., 436 F. Supp. 2d 45, 55 (D.D.C. 2006); Saleh v. Titan Corp., 436 F. Supp. 2d 55, 60 (D.D.C. 2006); Nat'l Satellite Sports, Inc. v. Deno Enters., 02-2093 (RJL); 2006 U.S. Dist. LEXIS 44741 (D.D.C. 2006). The Defendant offers no cause why the Court should deviate from its standard practice and the Plaintiffs can see none.

**4.     The Court should insist that the Defendant provide timely written Oppositions to the Plaintiffs' Motions or treat the matters as conceded.**

The Defendant falsely claims that the Plaintiffs' Motion for Partial Summary Judgment is entirely based upon District of Columbia law claims. Docket # 20 at 4. The Plaintiffs' Motion is largely based upon fundamental issues of separation of powers between the Executive and the Legislature and the improper delegation and re-delegation of legislative powers (Docket #19 at 17-25), deprivation of the Plaintiffs' rights of free speech and free association (Id. at 26-28) and the deprivation of the Plaintiffs' property interests (Id. at 28-33), the last of which is only related to District of Columbia law tangentially.

It is unclear why the Defendant's Motion makes such a statement when some sixteen pages of the Plaintiffs' Memorandum are evidently dedicated to non-District law claims. Absent any suggestion of an affirmative misrepresentation, it would appear at

7

first glance that the Defendant's counsel simply didn't read it. Perhaps counsel has grown tired of defending the ill-advised and unlawful policies of an administration whose remaining time in office is growing short. While the Defendant previously claimed the proposed Plaintiff Class was not suitable for class certification (Docket #11 at 16-17), his counsel failed to make any Opposition to the Plaintiffs' Motion therefor. *See* Docket #18. Rather than tendering an Opposition to the Plaintiffs' instant Motion for Partial Summary Judgment, the Defendant's counsel now asks the Court that he be permitted to completely disregard Local Civil Rules 7(b), 7(h) and 56.1 and not respond whatsoever to the Plaintiffs' Motion until some unknown point in the future.

The impending "regime change" in the District of Columbia government does not affect any outstanding deadlines set by the Court's rules. If the Defendant and his counsel refuse to meaningfully participate in this case further, the Court should treat the Plaintiffs' Motions as conceded and proceed to judgment in their favor. *See* LCvR 7(b) ("[i]f such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded") and 7(h) ("[i]n determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion")[2]. This Court may grant an enlargement of time for cause (FED. R. CIV. P. 6(b)) but the Defendant has shown no cause for the Court to grant the Defendant an indeterminable period of time to refrain from responding to the Plaintiffs' Motion.

---

[2] LCvR 56.1 contains identical language.

8

> In exercising discretion regarding enlargements of time, courts should be mindful that the rules are "intended to force parties and their attorneys to be diligent in prosecuting their causes of action." Geiger v. Allen, 850 F.2d 330, 331 (7th Cir. 1988). Deadlines, in the law business, serve a useful purpose and reasonable adherence to them is to be encouraged.

Spears v. City of Indianapolis, 74 F.3d 153, 157 (7th Cir. 1996).  The Defendant has no specific right to the granting of an extension of time to file an opposition to one dispositive motion until the determination of another dispositive motion, and such an extension can only be granted under Rule 6(b) upon consideration of all the circumstances.  *See* Poe v. Cristina Copper Mines, Inc., 15 F.R.D. 85, 87 (D. Del. 1953) (denying extension of time to file responsive pleading upon the court's consideration of the content of the pending Motion for Summary Judgment).  The circumstances in the instant case dictate the Court's resolution of the two motions concurrently.

### 5.    Conclusion.

In order for this Court to adjudge either the Defendant's Motion to Dismiss or the Plaintiffs' Motion for Partial Summary Judgment, the Court must determine the rights and legal authority of all Reserve Officers.  The Defendant should be compelled to immediately respond to the Plaintiffs' Motion and express his intentions clearly for the record.  For these reasons, and for such other reasons as the Court finds to be good and sufficient cause, the Defendant's Motion for Extension of Time should be DENIED.  A proposed Order is attached.

October 30, 2006

Respectfully Submitted,

_____
Matthew August LeFande
DC Bar #475995
4585 North 25th Road
Arlington VA 22207
Tel: (202)657-5800
Fax: (202)318-8019
email: matt@lefande.com
Attorney for the Plaintiffs