UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CHRISTOPHER GRIFFITH and DANIEL KIM, <br>       Plaintiffs, <br><br> v. <br><br> CHARLES RAMSEY, <br>       Defendant. | ) ) ) ) ) ) ) ) ) ) ) | Civil No. 06 – 01223 ( HHK) |

**RESPONSE OF DEFENDANT TO PLAINTIFFS'
STATEMENT OF MATERIAL FACT NOT IN DISPUTE**

Defendant responds as follows to the Plaintiffs' Statement of Material Fact purportedly not at issue.

1. MPD has maintained a uniformed corps of volunteer police officers, the MPD Reserves Corps, since 1951

    RESPONSE: Not material. Otherwise, not disputed.

2. The Plaintiffs have performed police duties on behalf of MPD, subject to the rules, regulations and applicable law of the District of Columbia.

    RESPONSE: Not disputed.

3. In 2004, the District of Columbia City Council enacted legislation as part of the Omnibus Public Safety Act of 2004 authorizing the Mayor to establish an MPD Reserve Corps in the District of Columbia. D.C. Code§ 5-29.51.

    RESPONSE: Not disputed, although the statute had the effect of re-authorizing the Reserve Corps.

4. The law stated, *inter alia,* "[t]he selection criteria required for and training provided to members of the Reserve Corps shall be similar to the selection criteria required for and training provided to full—time, sworn police personnel." Id.

> RESPONSE: Not disputed that the statute contains the quoted language, although the quoted language is out of context.

5. The City Council instructed the Mayor to

> --- pursuant to subchapter I of Chapter 5 of Title 2 [the District of Columbia Administrative Procedure Act], issue rules to implement the provisions of this section within 180 days of September 30, 2004. The rules shall:
>
> (1) Prescribe the duties and responsible of Reserve Corps members;
>
> (2) Define the scope of Reserve Corps members' authority and discretion in carrying out their duties and responsibilities, including any limitations on or restrictions to their authority and discretion; and
>
> (3) Delineate the supervision Reserve Corps members are to receive.

Id.

> RESPONSE: Disputed. The Council did not "instruct" the Mayor; the statute "authorized" the Mayor.

6. The Mayor of the District of Columbia did not issue any such rules prior to the deadline mandated by the City Council.

> RESPONSE: Not disputed.

7. On March 28, 20906, the Defendant issued MPD General Order 101.3 (2006) (Pls.' Ex. A, herein, the "new General Order") replacing MPD General Order 101.3 (1995) (Pls.' Ex. B).

> RESPONSE: Not disputed.

8. The new General Order stated that a "Sworn Officer" was only such officers that were "appointed to a full-time, paid, continuing position in the civil service rank", excluding the Plaintiffs and all members of the proposed Plaintiff Class. (Pls.' Ex. A. at 2).

> RESPONSE: Not disputed that the General Order contained the quoted language and that the term "Sworn Officer" excludes the Plaintiffs as that term in used within the MPD.

9. The new General Order stated that a "Sworn Member" was an "individual who is a full-time, paid Department employee in a sworn rank of officer or above", excluding the Plaintiffs and all members of the proposed Plaintiff Class. Id.

> RESPONSE: See Response to No. 8.

10. The new General Order asserted that MPD Reserve Officers "shall serve at the pleasure of the Chief of Police, who shall, without limitation, have the authority to determine when to reduce a Reserve Corps member in rank or Level and remove a Reserve Corps member from the Reserve Corps. Such determination shall not be subjected to administrative review."

Id. at b. See also Id. at 5.

> RESPONSE: Not disputed that the General Order contains the quoted language.

11. The new General Order made further limitations upon MPD Reserve Officers' authority and discretion in carrying out their and responsibilities, including Reserve Officers' abilities to make arrests and issue District of Columbia Notices Infractions. Id. at 6.

> RESPONSE: This is not a statement of purportedly undisputed material fact but rather statements in the nature of argument to which no response is required.

12. The new General Order further stated MPD Reserve Officers "shall not…. have the right to organize for collective bargaining purposes" unless "specifically provided by the laws of the District of Columbia." Id. at 4.

> RESPONSE: Not disputed that the General Order contains the quoted language.

13. The new General Order set numerous criteria and pre-conditions for the Plaintiffs and members of the proposed Plaintiff Class to receive "Level I" training, training that including firearms training received by full-time officers. Id. at 7-8.

> RESPONSE: Not disputed to the extent that the General Order contains certain criteria and standard for Reserve Officers to receive Level 1 training.

14. On June 9, 2006, the Defendant caused to be published within the District of Columbia Register a Notice of Emergency and Proposed Rulemaking. 53 D.C. REG. 4581.

> RESPONSE: Not disputed to the extent that the said notice was published that day.

15. The Notice stated that the Defendant adopted the rule enumerated within on an emergency basis effective May 19, 2006. Id.

> RESPONSE: Not disputed.

16. The emergency and proposed rules contained the same or similar limitation upon MPD Reserve Officers contained within the new General Order. Id.

> RESPONSE: This is not a statement of purportedly undisputed material fact but rather statements in the nature of argument to which no response is required.

17. The Defendant refuses to refrain from further emergency rulemaking regarding the MPD Reserve Corps.

   RESPONSE:  The Defendant has authority to issue rules as appropriate under D.C. statutes, including the D.C. Administrative Procedure Act.

 18. The Defendant refuses to treat the proposed rulemaking as a "contested case" as defined under D.C. Code §2-509(a).

   RESPONSE:  The proposed rulemaking does not qualify as a "contested case" under D.C. Official Code § 2-509(a) (2006).

Dated:  November 22, 2006

         Respectfully submitted,

         EUGENE A. ADAMS
         Interim Attorney General for the District of Columbia

         GEORGE C. VALENTINE
         Deputy Attorney General
         Civil Litigation Division


           /s/
         KIMBERLY MATTHEWS JOHNSON
         Chief, Section 1
         DC Bar No. 435163


           /s/
         JACK M. SIMMONS, III
         Assistant Attorney General
         DC Bar No. 925420
         441 Fourth St., NW
         Sixth Floor South
         Washington, DC  20001-2714
         (202) 724-6653
         (202) 727-0431   (fax)
         jack.simmons@dc.gov
         Attorney for Defendant