UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MPD RESERVE OFFICERS, et al.**<br><br>                    **Plaintiffs**<br><br>**v.**<br><br>**CHARLES RAMSEY**<br><br>                    **Defendant** | Case Number:<br>1:06CV01223HHK<br><br>Judge Henry H. Kennedy, Jr. |

**ORDER**

Pursuant to Federal Rule of Civil Procedure 56(d) and LCvR 7.1(h), the Plaintiffs have moved this Court to grant partial summary judgment as to the Plaintiffs' request for declaratory and injunctive relief. The Plaintiffs seek a declaratory judgment and an Order restraining the Defendant, his successor and officers, members, agents, servants, employees, attorneys and those acting in active concert or participation with the Metropolitan Police Department (MPD) from certain conduct and activities. This Court denied this motion on March 28, 2007 and granted the Defendant's Motion to Dismiss. The Court further *sua sponte* substituted Cathy L. Lanier for Defendant Ramsey pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. The Plaintiffs moved for the Court's reconsideration.

Upon re-consideration of Plaintiffs' Complaint, Affidavits, Exhibits and argument of counsel, the Court finds no material facts in dispute requiring litigation as to the Plaintiffs' demands for such relief, the Plaintiffs are now entitled to declaratory relief under 28 U.S.C. § 2201(a). The Court declares the Defendant's promulgation of the new MPD General Order 101.3 (Pl.s' Ex. A) to be unlawful. The Court further declares the

May 19, 2006 emergency and proposed rulemaking (53 D.C. REG. 4581) to be also unlawful. Therefore, the Plaintiffs are entitled to an injunction against the Defendant as hereinafter set forth:

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that as of today's date, the Defendant, his successor, officers, agents, members and employees and those in active concert and participation with the Metropolitan Police Department and all other persons to whom knowledge of this order shall come, be and hereby are enjoined and restrained from:

1. Enforcing or acting upon MPD General Order 101.3 (2006) (Pl.s' Ex. A). Such General Order shall be removed from the records of the Metropolitan Police Department and MPD General Order 101.3 (1995) (Pl.s' Ex. B) shall be reinstated as the General Order regulating MPD Reserve Officers insofar as such General Order is in compliance with D.C. Code § 5-129.51.
2. Promulgating further emergency rulemaking regarding MPD Reserve Officers without evidence of a genuine need "for the immediate preservation of the public peace, health, safety, welfare, or morals." DC Code § 2-505(c).
3. Enacting or adopting the proposed rulemaking identified within 53 D.C. Reg. 4581.
4. Enacting or adopting any future rule defining the scope of Reserve Corps members' authority and discretion in carrying out their duties and

responsibilities, including any limitations on or restrictions to their authority and discretion, absent express authority from the D.C. City Council.

FURTHER ORDERED:

The Plaintiffs are awarded costs and attorney's fees.

FURTHER ORDERED:

MPD shall immediately cause the content of this Order to be published upon the MPD teletype and within the MPD "Dispatch" newspaper.

FURTHER ORDERED:

The Court's substitution of the Defendant is withdrawn. Cathy L. Lanier, in her official capacity as the Chief of Police of the Metropolitan Police Department, is added as a party Defendant.

SO ORDERED,

Date _____    _____
                                           Judge Henry K. Kennedy

Matthew August LeFande
Attorney at Law PLLC
1001 Sixteenth Street NW
Washington DC 20036-5701


Jack M. Simmons, III, Esquire
Assistant Attorney General
441 Fourth Street NW
Sixth Floor South
Washington, DC 20001