UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| _____ | ) | |
| CHRISTOPHER GRIFFITH, et al., | ) | |
| Plaintiffs, | ) | Civil No. 01 – 01223   (HHK) |
| | ) | |
| v. | ) | |
| | ) | |
| CATHY L. LANIER, | ) | |
| Defendant. | ) | |
| _____ | ) | |

**OPPOSITION OF DEFENDANT
TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

Defendant, by and through counsel, opposes the motion of Plaintiffs Christopher Griffith and Daniel Kim for reconsideration of this Court's Order of March 28, 2007, granting Defendant's motion to dismiss the case.[1]  The motion is apparently filed pursuant to Fed. R. Civ. P. 59(a)(2).  The motion should be denied both as untimely and on the merits.

The gravamen of the Plaintiff's motion appears to be that the Court improperly substituted Cathy L. Lanier, Acting Chief of Police, for Charles Ramsey, former Chief of Police under Fed. R. Civ. P. 25(d), apparently seeking to characterize this as some form of "personal capacity" suit.  Plaintiffs also re-argue the questions of whether they have a Fifth Amendment protected property interest in their volunteer positions in the Metropolitan Police Department Reserve Corps (MPDRC) under D.C. Official Code § 1-527.01 (2006) and whether they have some right (now couched as a First Amendment claim) to organize for collective bargaining purposes.

---

[1]     Plaintiffs persist in styling this case as "MPD Reserve Officers, et al."  However, the only plaintiffs are two individuals, Messrs. Griffith and Kim.  No "Reserve Officers" entity is party to this case and no class action status has ever been granted.

All of Plaintiffs' assertions lack merit and should be summarily dismissed.

.

## Background

Pursuant to the District of Columbia Volunteer Services Act, D.C. Law 2-12, 24 D.C. Reg. 1442 (June 28, 1977), codified as D.C. Official Code §§ 1-319.01 – .05 (2006), these two individual Plaintiffs provide volunteer services to the District of Columbia through the MPDRC. Plaintiffs brought this action claiming a series of constitutional and common law violations of certain of their alleged rights by reason of a new MPD General Order 101 and by now-expired emergency regulations. They asserted that the General Order and regulations infringed their right to organize for collective bargaining purposes, their right not to be reduced in rank or removed from the MPDRC without a hearing or administrative review, and that they limited their authority to make arrests and issue notices of infractions. Plaintiffs seek the nullification of that General Order and a return to an earlier version and a prohibition against any rulemaking that would in any way restrict their status. Stripped to its essence, this case reflects no more than a policy dispute that certain MPDRC members have with the District over the exact role and rights of the members of the MPDRC. These plaintiffs seek to be treated as regular, sworn police officers in almost all respects (other than salary).

The District presented a detailed description of the MPDRC and the applicable statutes and regulations in its Motion to Dismiss. That description is not repeated here.

On March 28, 2007, the Court issued an opinion (Docket No. 28) granting Defendant's motion to dismiss, after substituting Cathy L. Lanier, as Acting Chief of Police, for Charles Ramsey, former Chief of Police (see footnote 1), as Defendant in this official capacity lawsuit. Judgment in favor of Defendant was entered the same day (Docket No. 29). The Court found,

contrary to Plaintiffs' assertions, that there was no right to organize for collective bargaining purposes under the National Labor Relations Act because the NLRA does not apply to employees of states or political subdivisions thereof, 29 U.S.C. § 152(2) (2006), or under District of Columbia law, which extends the right to collective bargaining only to employees, not volunteers. D.C. Official Code § 1-319.05(1) (2006); LeFande v. District of Columbia, No. 04-68, slip op. at 3 (D.C. May 25, 2006); 6 D.C. Muni. Regs. § 4000.8. The Court further found that these Plaintiffs have no property interest in their volunteer positions and, absent such a property interest, have no constitutional right to due process. Johnson v. Williams, No. 04-441, slip op. at 2 (D.C., Nov. 30, 2005) (no property interest in an MPDRC volunteer position). Finally, the Court analyzed Plaintiffs' alternative argument for the alleged right to organize for collective bargaining purposes – an alleged First Amendment right to free speech and association – by assuming for purposes of the analysis that the volunteer status may " 'constitute[] the type of governmental benefit or privilege the deprivation of which can trigger First Amendment scrutiny.' " Slip op. at 7, quoting Hyland v. Wonder, 972 F.2d 1129, 1135 (9th Cir. 1992), and then conducted the balancing test called for by Pickering v. Board of Education, 391 U.S. 563, 568 (196) (if an employee's speech involves matters of public concern, then the public's interest in the speech must be balances against the government's interests in promoting the efficiency of the governmental service). The Court concluded that the governmental interest outweighed the speech interests of the volunteers.

On April 10, 2007, Plaintiffs moved for reconsideration (Docket No. 30). They assert that the Court failed "to address the broad guarantees of due process afforded all persons under D.C. Official Code 5-127.01 [(2006)]," that the Court "continued to rely on the flawed Johnson decision," and that the Court failed to employ a strict scrutiny test in analyzing the alleged prior

restraint of these volunteers' speech and association. Motion at 1 (emphasis in original). Plaintiffs also challenge the substitution of Cathy L. Lanier, Acting Chief of Police, for Charles Ramsey, former Chief of Police, under Fed. R. Civ. P. 25(d). Memorandum 2-5. None of their arguments – mostly lengthy block quotations with no real analysis – withstand scrutiny.

## Argument

### A.     Plaintiffs' Motion Must Be Denied as Untimely.

Although not specified by Plaintiffs, their motion can only be a motion pursuant to Fed. R. Civ. P. 59(a)(2). The time limit for such a motion is ten days after entry of judgment. Fed. R. Civ. P. 59 (b). Since the judgment was entered on March 28, the deadline was Saturday, April 7, 2007. Thus, the motion would need to be filed on the next business day, Monday, April 9, 2007. Instead, it was filed on April 10, 2007, one day out of time.

The time limits of Rule 59 are jurisdictional. They may not be extended. F. R. Civ. P. 6(b). They are not subject to the rule excluding intervening Saturdays, Sundays, and holidays for time periods of ten or fewer days. Roque v. City of Redlands, 79 F.R.D. 433, 435 (D. Cal. 1978). See, e.g., Bullard v. Estelle, 502 F.Supp. 887, 895 (N.D. Tex. 1980), aff'd  on other grounds, 665 F.2d 1347 (5th Cir. 1982), vacated on other gds., 459 U.S. 1139 (1983).

Having filed and served their motion for reconsideration out of time, the motion for reconsideration should be denied.

**B.**     **Substitution of Defendant.**

Fed. R. Civ. P. 25(d) calls for the substitution of the named defendant in an official capacity suit when the individual occupying the position changes, as occurred here. Nevertheless, Plaintiffs seek to retain Charles Ramsey as the named Defendant.

First, at no time did these Plaintiffs ever assert that they were seeking relief against former Chief Ramsey in his individual capacity. No tort damages were sought. Since this suit claimed only injunctive-style relief, this is no different from a suit against the state. Kentucky v. Graham, 473 U.S. 159, 165-67 (1985).

Second and far more important, the relief that the Plaintiffs seek here – e.g., organizing for collective bargaining, due process in termination, etc. – is relief that is applicable only against the incumbent Chief of Police. No former Chief would ever be able to implement or deny that relief. The relief sought is clearly "official capacity" type relief – revising a General Order, etc. If former Chief Ramsey were retained as the Defendant in this lawsuit, Plaintiffs would be unable to obtain any of the substantive relief that they seek.

Third, Plaintiffs' arguments regarding the allegedly unconstitutional actions taken by Chief Ramsey, Memorandum at 4-7, are identical to the arguments that the Plaintiffs have presented previously in this lawsuit. A motion for reconsideration is simply not a device for re-arguing that which was fully addressed in prior proceedings.

**C.**     **Alleged Deprivation of Property Interests.**

In the section of their Memorandum addressing alleged deprivation of property interest in their volunteer positions, Plaintiffs challenge the Court's reliance on Johnson v. Williams, No.

04-441, slip op. at 2 (D.C., Nov. 30, 2005) and assert that they are encompassed within the protections of D.C. Official Code § 5-127.01.  Memorandum at 6-7.

These are, once again, issues that were raised and fully ventilated in the prior proceedings before this Court.  The issues, therefore, are not appropriate for a motion for reconsideration.

Plaintiffs' assertion that "the Court should not rely on" Johnson v. Williams, supra, must fail for an additional reason.  Plaintiffs essentially ask this Court to review Johnson v. Williams and reverse or overrule that decision on the merits.   This Court has no power to review the merits of the Johnson decision and decide the question anew.   The power to review final decisions of state courts (and the District of Columbia Court of Appeals is treated as a state court for these purposes) lies *exclusively* with the U.S. Supreme Court.  28 U.S.C. § 1257 (2006).

**D.      Alleged Deprivation of First Amendment Rights.**

Plaintiffs assert that the Court failed to engage in strict scrutiny of its First Amendment claims and that this is required because the Defendant's actions amount to prior restraint.  In doing so, Plaintiffs seem to conclude that collective bargaining would impose no hardship on the MPD.  See Memorandum at 9 ("MPD appears to be capable of routinely conducting negotiations with some 5,000 other employees in collective bargaining.  Involving two or three hundred additional part-time members in the process cannot be claimed to make a substantial impact on MPD's resources.")

Nevertheless, Plaintiffs' own assertions fully dispose of any assertion that they have the right to engage in collective bargaining – whether that be under the balancing test of Pickering v. Board of Education, 391 U.S. at 563, or as a right arising directly under the Constitution.   As the Plaintiffs have acknowledged here and earlier:  "Plaintiffs have already conceded that MPD is

under no obligation to recognize any Reserve Officers' organization or listen to any of their [sic] demands."  Memorandum at 8, citing Plaintiffs' Reply Memorandum in further support of their motion for summary judgment (Docket No. 27) at 7.

If the MPD (whether headed by former Chief Ramsey or Acting Chief Lanier) "is under no obligation to recognize any Reserve Officers' organization or listen to any of their [sic] demands[,]" then there can be no claim to a right to engage in collective bargaining and, it follows, that there is no claim of a right to organize for collective bargaining purposes.

### Conclusion

For the foregoing reasons, the motion for reconsideration should be denied.

Dated:  April 30, 2007

    Respectfully submitted,

    LINDA SINGER
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division


    ____/s/  Kimberly M. Johnson_____
    KIMBERLY MATTHEWS JOHNSON
    Chief, Section 1
    DC Bar No. 435163


    ____/s/  Jack M. Simmons, III _____
    JACK M. SIMMONS, III
    Assistant Attorney General
    DC Bar No. 925420
    441 Fourth St., NW
    Sixth Floor South
    Washington, DC  20001-2714

(202) 724-6653
(202) 727-0431   (fax)
jack.simmons@dc.gov
Attorney for Defendant